**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**FRED BECK, Individually and on behalf of
the Estate of EASTER BECK, Deceased; et al.,**                 **PLAINTIFFS,**

**VS.**                 **CIVIL ACTION NO. 3:03CV60-P-D**

**KOPPERS, INC., f/k/a KOPPERS INDUSTRIES, INC.;
et al.,**                 **DEFENDANTS.**

**CONSOLIDATED WITH**

**HOPE ELLIS, et al.,**                 **PLAINTIFFS,**

**VS.**                 **CIVIL ACTION NO. 3:04CV160-P-D**

**KOPPERS, INC., f/k/a KOPPERS INDUSTRIES, INC.;
et al.,**                 **DEFENDANTS.**

**ORDER**

This matter comes before the court upon Defendants Koppers Industries, Inc. and Beazer East, Inc.'s Motion for Summary Judgment [465-1]. Upon due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

With respect to the defendants' argument that Kenesha Barnes's claims on behalf of Sherrie Barnes should be denied with prejudice because they are barred by Mississippi Code Annotated § 15-1-49's three-year statute of limitations, the defendants' motion for summary judgment should be denied. As to the remainder of the defendants' arguments regarding the dismissal of Barnes's eight claims on the merits, the court will take said arguments under advisement and will rule upon them after the parties have updated their arguments with the so-called "newly discovered evidence" that the property upon which Barnes's home (*i.e.*, Carver Circle) stands was once owned by the plant

1

prior to 1955.

Sherrie Barnes was diagnosed with breast cancer on June 13, 1997, and she died therefrom on September 7, 1998. The instant case was filed on March 18, 2003 – almost six years after her diagnosis and five years after her death. The question arises whether the three-year statute of limitations period began to run at Barnes's diagnosis or death, in which case her claims are barred, or upon discovery of the alleged cause of her death, in which case her claims are not barred.

Miss. Code Ann. § 15-1-49(1) sets a statute of limitations period to three years "after the cause of action accrued, and not after" with regard to seven of Barnes's claims. Her intentional tort claim is governed by Miss. Code Ann. § 15-1-35's one-year statute of limitation period. Since a wrongful death action is generally predicated on the underlying tort, it is limited by the statute of limitations applicable to the tort resulting in the wrongful death. *Thiroux ex rel. Cruz v. Austin ex rel. Arceneaux*, 749 So.2d 1040 (Miss.1999).

There is a discovery rule in Miss. Code Ann. § 15-1-49(2) which provides: "In all actions for which no other period of limitation is prescribed and which involve *latent injury or disease*, the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the *injury*." (emphasis added).

The defendants argue that § 15-1-49(2)'s discovery rule only applies to discovery of the injury, not its cause. Thus, they argue, Barnes's claim began to run either when she discovered her breast cancer or when she died. The plaintiffs counter that the cases support the notion that the term "injury" necessarily includes the cause.

For the same reasons discussed by Judge Pickering in *Jackson v. Phillips Building Supply of Laurel*, 246 F.Supp.2d 538 (S.D.Miss. 2003), whose opinion the court adopts and incorporates

herein, the court concludes that § 15-1-49(2)'s discovery rule begins to run at the discovery of the injury and its cause. In any event, as observed by Judge Pickering, the Fifth Circuit Court of Appeals in *Kemp v. G.D. Searle & Co.*, 103 F.3d 405, 407 (1997), when interpreting *Owens-Illinois, Inc. v. Edwards*, 573 So.2d 704, 709 (Miss.1990), concluded "that the statute of limitations began to run when [the plaintiff] knew of her injury *and its cause*." *Kemp*, 103 F.3d at 409 (emphasis added); *see also Cannon v. Mid-South X-Ray Co.*, 738 So.2d 274, 278 (Miss.Ct.App.1999) ("The majority holds that the plaintiff had to know of her illness *and its cause*.") (Southwick, J. dissenting).

The court recognizes that the procedural posture in *Jackson* was a motion to remand which requires legal ambiguities to be resolved in favor of remand. However, this court concludes that the same conclusion is proper under summary judgment standards since a review of the cases cited by the instant parties and those discussed in *Jackson* support the conclusion that the term "injury" in § 15-1-49(2) necessarily includes the cause. In any event, the question of whether the statutory term "injury" includes cause is a question of law, while when the injury and its cause actually occurred is a question of fact.

The court opines that this is the proper result, given that the very purpose of a discovery rule is to allow additional time to file a claim in circumstances that make it unreasonable to expect a plaintiff to discover her claim within the applicable statute of limitations period. It is clearly unreasonable to expect that Sherrie Barnes (who died a year after discovering that she had breast cancer) or her representative was supposed to determine within three years of Barnes's diagnosis of breast cancer that same may have been caused by environmental pollution – this would have been imputing the knowledge of a trained scientist to one who was not so trained.

3

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Defendants Koppers Industries, Inc. and Beazer East, Inc.'s Motion for Summary Judgment [465-1] with regard to their argument that Barnes's claims are barred by the applicable statute of limitations is **DENIED**; whereas,

(2) Consideration of the remainder of the arguments going to the merits of Barnes's eight claims is **STAYED** until the arguments on both sides are updated with the effects, if any, the discovery that the land upon which plaintiff's neighborhood was built was owned by the plant before 1955; and

(3) The parties are instructed to file supplemental briefs within 15 days of the conclusion of the reopening of discovery in order to update the instant motion.

**SO ORDERED** this the 20th day of October, A.D., 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE