**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**FRED BECK, Individually and on behalf of**
**the Estate of EASTER BECK, Deceased; et al.**             **PLAINTIFFS**

**VS.**             **CIVIL NO. 3:03CV60-P-D**

**KOPPERS, INC., f/k/a KOPPERS INDUSTRIES, INC.;**
**et al.**             **DEFENDANTS**

**CONSOLIDATED WITH**

**HOPE ELLIS, et al.**             **PLAINTIFFS**

**VS.**             **CIVIL NO. 3:04CV160-P-D**

**KOPPERS, INC., f/k/a KOPPERS INDUSTRIES, INC.;**
**et al.**             **DEFENDANTS**

**ORDER**

These matters come before the court upon Plaintiffs' Motion for Preliminary Injunction [362-1]; Defendant's Objection to Magistrate Judge's Order of September 26, 2005 Denying Illinois Central's Motion to Reconsider the Order of September 13, 2005 [669-1]; and Plaintiffs' Motion to Strike Defendant's Experts and For Sanctions [634-1]. Upon due consideration of the motions, the responses filed thereto, and a hearing before the undersigned on October 19, 2005, the court finds as follows, to-wit:

For the reasons discussed during the hearing referenced above, none of the aforesaid motions are well-taken.

The court concludes that the objection to the Magistrate Judge's ruling that the case should

be stayed to allow an additional thirty days of discovery regarding the so-called "newly discovered evidence" should be overruled. As previously stated, the court believes that the plaintiffs and some or all of the defendants contributed to not discovering in a timely manner what is clearly evidence salient to the case. Furthermore, the additional thirty days of discovery should be allowed given that it would be unfair to allow nine out of eleven plaintiffs to use the evidence.

The plaintiffs' motion for a preliminary injunction should be denied simply because it is inappropriate and impractical in this case. A trial is necessary to determine the veracity of the matters alleged in the motion. Granting the preliminary injunction would improperly circumvent that need.

The plaintiffs' motion to strike the defendants' experts should also be denied because they have not yet demonstrated how, if at all, the newly-discovered evidence invalidates said experts' opinions. The plaintiffs may refile the motion in the event they can so demonstrate.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Plaintiffs' Motion for Preliminary Injunction [362-1] is **DENIED**;

(2) Defendant's Objection to Magistrate Judge's Order of September 26, 2005 Denying Illinois Central's Motion to Reconsider the Order of September 13, 2005 [669-1] is **OVERRULED**;

(3) Plaintiffs' Motion to Strike Defendant's Experts and For Sanctions [634-1] is **DENIED**;

(4) The parties in the *Barnes* and *Hobbs* case may reopen discovery with regard to the newly-discovered evidence referenced above for a period of thirty days beginning from the date of the October 19, 2005 hearing and ending on November 18, 2005; and

(5) The parties are to submit briefs to the court on or before December 5, 2005 updating the

court regarding the effect the newly-discovered evidence has upon the *Barnes* and *Hobbs* cases.

**SO ORDERED** this the 26th day of October, A.D., 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE