# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### WESTERN DIVISION

**FRED BECK; ET AL.,**                                                                              **PLAINTIFFS,**

**VS.**                                                    **CIVIL ACTION NO. 3:03CV60-P-D**

**KOPPERS, INC., f/k/a KOPPERS INDUSTRIES, INC.;**
**ET AL.,**                                                           **DEFENDANTS.**

### CONSOLIDATED WITH

**HOPE ELLIS, ET AL.,**                                          **PLAINTIFFS,**

**VS.**                                                    **CIVIL ACTION NO. 3:04CV160-P-D**

**KOPPERS, INC., f/k/a KOPPERS INDUSTRIES, INC.;**
**ET AL.,**                            **DEFENDANTS.**

## ORDER

These matters come before the court upon Motion of Defendant Illinois Central Railroad Company for Summary Judgment and to Certify Judgment as Final [454-1] and Motion of Defendant Illinois Central Railroad Company for Attorney Fees and Expenses Under the Litigation Accountability Act of 1988 and Rule 11 F.R.C.P. [455-1]. Upon due consideration of the motions and the responses filed thereto, the court finds as follows, to-wit:

With regard to the motion for attorney fees and expenses, the court concludes that Illinois Central has not established that the basis upon which the plaintiffs asserted their claims against them were objectively unreasonable or without substantial justification to the degree that sanctions are justified under Fed. R. Civ. P. 11 or Miss. Code Ann. § 11-55-5.

As to the motion for summary judgment, after viewing the facts in a light most favorable to Plaintiff Kenesha Barnes, Illinois Central has not demonstrated that there is no genuine issue of

1

material fact warranting dismissal of Barnes's claims against them.

There are indeed genuine issues of material fact warranting a trial. Findings of fact are necessary to determine the amount of control Illinois Central has exerted over wood treatment at the Koppers, Inc. plant – especially in relation to the amount of control, if any, Illinois Central has had in the handling of the chemically-treated wood owned and supervised by Illinois Central on plant premises. In other words, Illinois Central has not demonstrated as a matter of law – thereby rendering findings of fact unnecessary – that it has never possessed any responsibility whatsoever for the way the wood treated and utilized for its railroads by Koppers, Inc. was treated, shipped, or stored. This is especially true given that the plaintiff alleges that up to 80% of the wood stored at Koppers, Inc.'s Grenada facility was and/or is owned by Illinois Central, 75% of the wood at the plant was and/or is treated by Koppers, Inc. for Illinois Central, and Illinois Central has had its own building, employees, and inspectors assigned full-time at Koppers, Inc.'s Grenada plant to oversee the treatment of its railroad ties.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Motion of Defendant Illinois Central Railroad Company for Summary Judgment and to Certify Judgment as Final [454-1] is **DENIED**; and

(2) Motion of Defendant Illinois Central Railroad Company for Attorney Fees and Expenses Under the Litigation Accountability Act of 1988 and Rule 11 F.R.C.P. [455-1] is **DENIED**.

**SO ORDERED** this the 3rd day of January, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE