IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**FRED BECK; ET AL.,**                                                                    **PLAINTIFFS,**

**VS.**                                 **CIVIL ACTION NO. 3:03CV60-P-D**

**KOPPERS, INC., f/k/a KOPPERS INDUSTRIES, INC.;**
**ET AL.,**                                                            **DEFENDANTS.**

**CONSOLIDATED WITH**

**HOPE ELLIS, ET AL.,**                                               **PLAINTIFFS,**

**VS.**                                 **CIVIL ACTION NO. 3:04CV160-P-D**

**KOPPERS, INC., f/k/a KOPPERS INDUSTRIES, INC.;**
**ET AL.,**                                                           **DEFENDANTS.**

## ORDER

This matter comes before the court upon Plaintiff's Daubert Motion/Motion in Limine to Exclude Testimony Regarding Backyard Barrel Burning, The Heatcraft Facility and Other Potential Sources of Contamination and Contaminants Found on Plaintiff's Property in the Carver Circle Area and in Particular on the Properties Where Plaintiff/Decedent Sherrie Barnes Once Resided [448-1]. Upon due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

Kenesha Barnes on behalf of her mother Sherrie Barnes, deceased, argues in this case that the defendants caused harmful chemicals to migrate on properties frequented by Sherrie Barnes thereby causing her breast cancer which caused her death.

The defendants maintain that they are not responsible for the injuries to Barnes. Rather, the

1

harmful chemicals that caused Barnes's injuries originated from common and frequent trash burning in the Carver Circle area, the nearby Heatcraft facility, other sources like cigarette smoke, automotive exhaust, etc., or a combination thereof.

The plaintiff filed the instant motion to exclude any testimony of alternative sources of contamination because the defendants' experts never scientifically analyzed the affect, if any, any of the alleged alternative sources of contamination had on Barnes's claims. The plaintiff urges that although she has the burden of proof to show that the defendants' activities with regard to wood-treatment chemicals caused injuries to Barnes, the plaintiff does not have the burden to prove that the alternative sources of contamination alleged by the defendants did not cause injury to Barnes. Furthermore, the plaintiff asserts that the defendants' expert opinions regarding the alleged alternative sources failed to meet the standards of scientific reliability espoused by Fed. R. Civ. P. 26(a)(2)(B), Fed. R. Evid. 702, *Daubert v. Merrell Dow Pharmaceuticals., Inc..*, 509 U.S. 579 (1993) and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999).

The primary issue in dispute at bar is whether one can rebut scientific opinions with non-scientific speculation – in other words, whether the defendants' alternative contamination opinions have to meet the same reliability standards as the plaintiff's contamination opinions. Obviously, alternative sources of liability defenses, including contributory negligence, are relevant. However, when those defenses are used to rebut legally "reliable" scientific opinions – *i.e.*, expert opinions meeting the requirements of Fed. R. Civ. P. 26(a)(2)(B) and Fed. R. Evid. 702 – it stands to reason that those defenses must also meet the reliable expert opinion standards. If this were not true, then anyone could rebut an expert's opinion by arguing "we didn't do it, something else did" without providing reliable analysis demonstrating the veracity of the alternative theory.

Again, under normal circumstances, alternative liability defenses are relevant. Although prejudicial, they are fairly prejudicial. However, when asserted against an expert opinion that is required to be reliable under FRE 702 and FRCP 26 standards, alternative liability defenses are *un*fairly prejudicial if they do not meet the same reliability standards as the expert opinions being challenged. It is the scientific nature of the question that makes non-scientific speculation improper and unfairly prejudicial under FRE 403. If no scientific analysis were deemed necessary to "assist the trier of fact to understand the evidence or to determine a fact in issue," FRE 702, then alternative theories of liability would likely be fair game.

The defendants argue that their experts relied on sworn deposition testimony, field observation, and peer-reviewed scientific articles as the basis for their expected trial testimony concerning the potential exposure of Barnes to alternative sources of the same chemicals claimed to emanate from the Grenada facility. Therefore, argue the defendants, their expert opinions upon the alternative sources are relevant and reliable. However, as the plaintiff correctly points out, the defendants have shown no actual independent analysis of the alternative sources. Simply observing that many, if not most, of the residents on Carver Circle burn their trash and that it is accepted in the scientific community that trash burning emits harmful chemicals, pointing to a report where Heatcraft admitted dumping millions of pounds of TCE in the air between 1992 and 1996, or positing that automobile exhaust or smoking cigarettes also emit polycyclic aromatic hydrocarbons (PAHs) and other harmful chemicals – without an expert demonstrating reliably in his Rule 26(a)(2)(B) report exactly how these alleged sources of contamination affected the plaintiff's claims – is not enough to pass muster under FRE 702, FRCP 26(a)(2)(B), *Daubert*, *Kumho*.

The applicable rules governing admission of evidence inherently scientific do not allow for

speculation or resting on an expert's laurels. Rather, in order to present scientific opinions, one must, *inter alia*, (1) proffer a qualified expert who produces an expert report that contains "a **complete** statement of all opinions to be expressed and the basis and reasons therefor [and] the data or other information considered by the witness in forming the opinions," FRCP 26(a)(2)(B) (emphasis added); and (2) present opinions that are based upon sufficient facts or data and that are the product of reliable principles and methods that the expert has applied reliably to the facts of the case, FRE 702. Furthermore, "the proponent has the burden of establishing that the pertinent admissibility requirements are met by a preponderance of the evidence." Advisory Committee's Note on 2000 Amendment of FRE 702.

One of the factors to evaluate in this inquiry is "whether the expert's technique or theory can be or has been tested – that is, whether the expert's theory can be challenged in some objective sense, or whether it is instead simply a subjective, conclusory approach that cannot reasonably be assessed for reliability." *Id*.; *Daubert v. Merrell Dow Pharmaceuticals., Inc..*, 509 U.S. 579 (1993); *Burleson v. Texas Dept. of Criminal Justice*, 393 F.3d 577, 584 (5th Cir. 2004). Stated differently, a scientist's expert report and the opinions expressed therein should be able to be picked up by any scientist in the same field and should lend itself to independent verification without further inquiry. In this court's view, this factor is one of the most important factors in the reliability inquiry – especially given Rule 26(a)(2)(B)'s requirement that the expert report give a "complete statement of all opinions to be expressed and the reasons therefor."

Upon review of the record and the parties' briefs, the court concludes that the defendants have not demonstrated by a preponderance of the evidence that the defense experts' opinions regarding alternative sources of contamination are scientifically reliable under FRE 702. Although

the plaintiff must prove that the defendants caused her injuries, supported by reliable scientific evidence, the defendants must prove the scientific reliability of their alternative source of contamination theories since those theories are meant to rebut the plaintiff's scientific theories. In other words, it would be unfairly prejudicial under Rule 403 for the defendants to have the right to rebut scientific theories with non-scientific speculation.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Plaintiff's Daubert Motion/Motion in Limine to Exclude Testimony Regarding Backyard Barrel Burning, The Heatcraft Facility and Other Potential Sources of Contamination and Contaminants Found on Plaintiff's Property in the Carver Circle Area and in Particular on the Properties Where Plaintiff/Decedent Sherrie Barnes Once Resided [448-1] is **GRANTED**; accordingly,

(2) The defense experts may not testify regarding alternative sources of contamination – *i.e.*, trash burning, the Heatcraft facility, cigarette smoke, automotive exhaust, etc. – because their theories regarding same do not meet expert opinion admissibility standards; however

(3) The defendants may ask the plaintiff's experts if they considered alternative sources of contamination during cross-examination without the defendants elaborating on the specific alternative sources or their own theories regarding same.

**SO ORDERED** this the 2nd of February, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE