# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**FRED BECK; ET AL.,**                                                                **PLAINTIFFS,**

**VS.**                                        **CIVIL ACTION NO. 3:03CV60-P-D**

**KOPPERS, INC., f/k/a KOPPERS INDUSTRIES, INC.;**
**ET AL.,**                                                        **DEFENDANTS.**

**CONSOLIDATED WITH**

**HOPE ELLIS, ET AL.,**                                          **PLAINTIFFS,**

**VS.**                                          **CIVIL ACTION NO. 3:04CV160-P-D**

**KOPPERS, INC., f/k/a KOPPERS INDUSTRIES, INC.;**
**ET AL.,**                                              **DEFENDANTS.**

## ORDER

This matter comes before the court upon Plaintiff's Motion to Strike the Opinions of James Shea or, in the Alternative, to Limit the Opinions of James Shea [458-1]. Upon due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

The court concludes that Defendant Illinois Central Railroad has not demonstrated that the opinions of James Shea as to (1) whether Illinois Central Railroad had any control over use of chemicals at Koppers, Inc.'s Grenada facility and (2) alternative sources of contamination meet reliability requirements of Fed. R. Evid. 702. Furthermore, the opinion regarding control is a legal conclusion that is beyond the realm of Shea's expertise. Therefore, James Shea may not offer those opinions. Shea may, however, offer his opinions regarding the industrial hygiene of **only** the Grenada facility, including any employee studies conducted at the Grenada facility because they are

1

relevant to the issue of whether the defendants exercised reasonable care in use of chemicals.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Plaintiff's Motion to Strike the Opinions of James Shea or, in the Alternative, to Limit the Opinions of James Shea [458-1] is **GRANTED IN PART AND DENIED IN PART**; specifically,

(2) The motion is granted insofar as neither James Shea nor defense counsel may testify regarding Shea's opinions that Illinois Central Railroad exercised no control over Koppers, Inc.'s Grenada facility, nor may they testify as to alternative sources of contamination alleged to have caused Sherrie Barnes's injuries; and

(3) The motion is denied insofar as James Shea may testify regarding industrial hygiene only at Koppers, Inc.'s Grenada facility and the employee studies conducted therein. The defendants may not testify regarding industrial hygiene or employee studies conducted thereon at any other Koppers, Inc. facility because such would be irrelevant to the case at bar.

**SO ORDERED** this the 2nd day of February, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE