# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**FRED BECK; ET AL.,**                                                                                       **PLAINTIFFS,**

**VS.**                                           **CIVIL ACTION NO. 3:03CV60-P-D**

**KOPPERS, INC., f/k/a KOPPERS INDUSTRIES, INC.;**
**ET AL.,**                                                                          **DEFENDANTS.**

**CONSOLIDATED WITH**

**HOPE ELLIS, ET AL.,**                                                    **PLAINTIFFS,**

**VS.**                                         **CIVIL ACTION NO. 3:04CV160-P-D**

**KOPPERS, INC., f/k/a KOPPERS INDUSTRIES, INC.;**
**ET AL.,**                             **DEFENDANTS.**

## **ORDER**

This matter comes before the court upon Motion of Defendant Illinois Central Railroad Company for Reconsideration of Order Denying Motion for Summary Judgment [736-1]. Upon due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

The motion is without merit and should be denied. The crux of Illinois Central's argument why the plaintiff's claims against it should be dismissed on summary judgment is that Illinois Central had no legal obligations regarding alleged pollution emanating from the wood treated by Koppers, Inc. because there was a contractual agreement between Koppers, Inc. and Beazer East, Inc. apportioning that responsibility among them. Simply put, such a contract is not legally binding on this court or anyone else other than on Koppers, Inc. and Beazer East, Inc. Illinois Central also argues that it cannot be liable for pollution simply because they were mere customers of Koppers, Inc. Given the alleged 75% percent market share of the Grenada plant's treated wood, the office Illinois

1

Central maintained on plant property, and the other allegations regarding control exerted by Illinois Central in the handling of the treated wood at the Grenada plant, there are material facts at issue regarding Illinois Central's liability for the alleged pollution. Resolution of these facts are only within the province of the jury, not the court.

Finally, defense counsel for Illinois Central is cautioned to be mindful of his unnecessarily pugilistic tone when addressing this court.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Motion of Defendant Illinois Central Railroad Company for Reconsideration of Order Denying Motion for Summary Judgment [736-1] is **DENIED**.

**SO ORDERED** this the 2d of February, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE