**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

| | |
|---|---|
| **FRED BECK; ET AL.,** | **PLAINTIFFS,** |
| VS. | **CIVIL ACTION NO. 3:03CV60-P-D** |
| **KOPPERS, INC., f/k/a KOPPERS INDUSTRIES, INC.; ET AL.,** | **DEFENDANTS.** |

**CONSOLIDATED WITH**

| | |
|---|---|
| **HOPE ELLIS, ET AL.,** | **PLAINTIFFS,** |
| VS. | **CIVIL ACTION NO. 3:04CV160-P-D** |
| **KOPPERS, INC., f/k/a KOPPERS INDUSTRIES, INC.; ET AL.,** | **DEFENDANTS.** |

## ORDER

These matters come before the court upon the Motion of Illinois Central to Exclude the Testimony of Nicholas Cheremisinoff [459-1] and the Motion of Defendants Beazer East, Inc. and Koppers, Inc. to Exclude Testimony of Dr. Nicholas Cheremisinoff [469-1]. Upon due consideration of the motions and the responses filed thereto, the court finds as follows, to-wit:

Plaintiff Kenesha Barnes has designated Dr. Nicholas Cheremisinoff, a chemical engineer, as an expert in the management of industrial hazardous materials. Defendants Beazer East, Inc. and Koppers, Inc. urge that Cheremisinoff's opinions regarding their management of wood-treatment chemicals (especially pentachlorophenal and creosote) should be excluded because Cheremisinoff lacks the necessary "scientific, technical or other specialized knowledge" under Federal Rule of Evidence 702 to give his opinions to the jury. They argue that despite his education and experience,

1

Cheremisinoff has negligible specific experience in wood-treatment facilities. Similarly, Illinois Central maintains that Cheremisinoff's opinions regarding their actions at Koppers, Inc.'s Grenada facility with respect to chemicals should be excluded because Cheremisinoff has no specific experience in the railroad industry and his application of the highest standards of care – *i.e.*, "best practices" – are not applicable in the present case.

The plaintiff counters that Cheremisinoff is a well-qualified expert in the management of industrial wastes and his opinions deal with how industries should manage their wastes, not the operations of particular industries. Contrary to the defendants' arguments, insists the plaintiff, Cheremisinoff's testimony about appropriate waste management technologies and practices does not require knowledge of all of the intricacies of the wood-preserving and railroad industries, but rather his testimony is appropriately focused on knowledge concerning available technologies and practices utilized by industry in general to manage toxic wastes. The plaintiff argues that his testimony is relevant and will be helpful to the jury in deciding whether the defendants used appropriate waste management technologies and practices available to them so as to minimize or eliminate emissions and discharges of toxic chemicals into the environment.

Defendants Beazer East, Inc. and Koppers, Inc. reply that the Supreme Court has rejected the plaintiff's argument that it does not matter that Cheremisinoff is not an expert in the wood-preserving or the railroad industries because he is generally an expert in the management of industrial waste. Said defendants cite *Kumho Tire Company, Ltd. v. Carmichael*, 526 U.S. 137, (1999) for the proposition that the Court emphasized that it is not sufficient for the witness to have some general expertise in the field, but that the expert must have "specialized knowledge to assist the jurors 'in deciding the particular issues in the case.'" *Id*. at 156. This is a mischaracterization

of the rulings in *Kumho*. The primary holding in *Kumho* was that *Daubert*'s requirements that expert testimony be reliable and relevant applied not only to scientists but to any expert allowed by Fed. R. Evid. 702. *Kumho*, 526 U.S. at 141. The other major point in *Kumho* was that "a trial judge *may* consider one or more of the more specific factors that *Daubert* mentioned when doing so will help determine that testimony's reliability ... the test of reliability is 'flexible,' and *Daubert*'s list of specific factors neither necessarily nor exclusively applies to all experts or in every case." *Kumho*, 526 U.S. at 141 (emphasis in original). Contrary to the defendants' aforementioned citation, the Court in *Kumho* did not rule that it is *per se* insufficient for an expert witness to have general expertise in a field rather than expertise in a subcategory of the same field.

The defendants assert that allowing Cheremisinoff's opinions in this case would be like allowing a dentist who surgically removes teeth to opine on heart surgery. This analogy is faulty because a dentist does not go to the same type of medical school as a heart surgeon, nor does he receive the same type of general training. Indeed, most dentists know a lot about teeth just as most chemical engineers who specialize in industrial waste management know a lot about how industries should and do handle their chemical waste. Here, it is generally undisputed that Cheremisinoff, who has a Ph.D. in chemical engineering, is an expert in the general field of industrial waste management. Given that wood-treatment facilities and railroads are industries that manage chemical wastes, it stands to reason that Cheremisinoff would have the "specialized knowledge to assist the jurors 'in deciding the particular issues in the case'" (*i.e.*, whether the defendants caused pollution which caused the death of Sherrie Barnes) since he has "scientific, technical or other specialized knowledge" regarding industrial chemical waste management in general.

After considering the parties' arguments and the germane authorities, the court concludes that

Cheremisinoff is sufficiently qualified by his "scientific, technical or other specialized knowledge" of chemical engineering and industrial waste management to offer his opinions to the jury in this case. The defendants' arguments to the contrary go not to admissibility but rather to weight. Thus, the defendants may cross-examine Cheremisinoff accordingly.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) The Motion of Illinois Central to Exclude the Testimony of Nicholas Cheremisinoff [459-1] is **DENIED**; and

(2) Motion of Defendants Beazer East, Inc. and Koppers, Inc. to Exclude Testimony of Dr. Nicholas Cheremisinoff [469-1] is **DENIED**.

**SO ORDERED** this the 2nd day of February, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE