IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**FRED BECK; ET AL.,**                                                          **PLAINTIFFS,**

VS.                         **CIVIL ACTION NO. 3:03CV60-P-D**

**KOPPERS, INC., f/k/a KOPPERS INDUSTRIES, INC.;
ET AL.,**             **DEFENDANTS.**

**CONSOLIDATED WITH**

**HOPE ELLIS, ET AL.,**             **PLAINTIFFS,**

VS.                         **CIVIL ACTION NO. 3:04CV160-P-D**

**KOPPERS, INC., f/k/a KOPPERS INDUSTRIES, INC.;
ET AL.,**             **DEFENDANTS.**

## ORDER

This matter comes before the court upon Plaintiff's Motion to Exclude Testimony of Otto Wong, Sc.D. [516-1]. Upon due consideration of the motion and the response filed thereto – no reply having been filed – the court finds as follows, to-wit:

Plaintiff Kenesha Barnes on behalf of the Estate of Sherrie Barnes moves to exclude testimony of the defendant's epidemiologist, Dr. Otto Wong. She argues that Wong's testimony is irrelevant, highly misleading and prejudicial, and based on flawed methodology.

As to whether the testimony should be excluded as irrelevant under Fed. R. Evid. 402 and excluded as highly misleading under Fed. R. Evid. 403, the court concludes that these arguments are without merit because they were unsupported by the evidence presented and were likewise unsupported by any citation to authorities. The testimony is relevant and though prejudicial, not

1

unfairly prejudicial.

According to the defendants, Wong recently published in a peer-reviewed journal the largest cohort mortality study of creosote exposed wood-treating workers ever conducted, including workers at the subject Grenada plant.[1] His study concludes that working at a wood-treating plant using creosote does not increase a person's risk of death from cancer or any non-malignant disease. The defendants contend that the Wong study meets all of the applicable admissibility requirements – *e.g.*, *Daubert/Kumho* standards and those discussed in this court's opinion in *Knight v. Kirby Inland Marine Corp.*, 363 F.Supp.2d 859 (N.D. Miss. 2005) – because it was a primary research study with case controls; it sets forth relative risk data for humans exposed to creosote; it examined 2,179 employees at eleven wood-treatment plants in the U.S. using creosote as a preservative; the observation period for the cohort study was 1979 to 2001; Wong examined the data for statistical significance; he examined different exposure levels; and he accounted for confounding factors.

The plaintiff argues that the study is flawed for several reasons, especially since it only deals with workers rather than residents living around a wood-treatment facility. She maintains that workers are only exposed to the creosote for eight hours a day while residents in the surrounding communities are exposed to the off-site migration of those chemicals for much longer. The defendants counter that if people who work in wood-treating plants do not have an increased risk of disease, then it logically follows that people who live near such plants do not have an increased risk

---

[1] "In cohort studies the researcher identifies two groups of individuals: (1) individuals who have been exposed to a substance that is considered a possible cause of a disease and (2) individuals who have not been exposed. Both groups are followed for a specified length of time, and the proportions of individuals in each group who develop the disease are compared." Green, et al., "Reference Guide on Epidemiology," *Reference Manual on Scientific Evidence* (Federal Judicial Center 2000).

of disease since, presumably, the workers are exposed to creosote in higher doses. Other arguments that the Wong study is flawed include that it has limitations, the time period of 1979 to 2000 is too short, it did not consider that the kind of exposure for a worker was not the same as those experienced by residents since the workers were in a more controlled environment whereas the residents were exposed to creosote by uncontrolled off-site migration, and the study only considered creosote and not its constituents (*i.e.*, polycylic aromatic hydrocarbons (PAHs) or benzene) nor pentachlorophenal.

The defendants are correct in pointing out that while the plaintiff argues that the Wong study is flawed, with the exception of a general reference to various Federal Rules of Evidence and citation of two law review articles, the plaintiff provided no legal authority for their assertion that Wong's study should be barred. After considering the briefs and the exhibits attached thereto, the court concludes that the motion to exclude the testimony of Dr. Wong should be denied. The plaintiff has not demonstrated that his testimony fails to meet Rule 702 muster thereby requiring the court to bar his testimony. However, her arguments regarding the perceived flaws in the Wong study are more than fair game for cross-examination.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiff's Motion to Exclude Testimony of Otto Wong, Sc.D. [516-1] is **DENIED**.

**SO ORDERED** this the 2nd day of February, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE