**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**FRED BECK; ET AL.,**                                                                                **PLAINTIFFS,**

**VS.**                                       **CIVIL ACTION NO. 3:03CV60-P-D**

**KOPPERS, INC., f/k/a KOPPERS INDUSTRIES, INC.;
ET AL.,**                                                   **DEFENDANTS.**

**CONSOLIDATED WITH**

**HOPE ELLIS, ET AL.,**                                           **PLAINTIFFS,**

**VS.**                                       **CIVIL ACTION NO. 3:04CV160-P-D**

**KOPPERS, INC., f/k/a KOPPERS INDUSTRIES, INC.;
ET AL.,**                                                   **DEFENDANTS.**

## **ORDER**

This matter comes before the court upon Defendants' Motion to Bar Expert Testimony of Dr. James E. Bruya [452-1]. Upon due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

Having considered the arguments by counsel in the briefs, the court concludes that the motion should be denied since Dr. Bruya's testimony and report are limited to the narrow question of whether the soil samples taken from the Carver Circle neighborhood contained creosote. No comparative analysis with samples from the Grenada plant appear necessary for this narrow opinion.

The defendants argue *inter alia* that Bruya's 3-page report is inadequate under Fed. R. Civ. P. 26(a)(2)(B) and Fed. R. Evid. 702 because it does not cite a reproducible methodology regarding how Bruya came to conclude that the given soil samples did or did not contain creosote. However,

the report, which is in the form of a letter addressed to plaintiff's expert Randy Horsak, cites to two methods:

> An unknown material can be analyzed by gas chromatography following a practice described in ASTM D 3328. This analysis produces a gas chromatographic trace that can be reviewed to determine the general boiling range of an unknown product. The unknown material can then be identified based on the boiling range. The general composition of an unknown can also be determined using gas chromatography coupled with mas spectrometry (GC/MS). Here, the practice described in EPA SW-846 Method 8270 is used to determine the general chemical composition of an unknown. Its use can enable one to identify individual chemical compounds like the PAHs and parent PAHs and distinguish between pyrogenic products like creosote from petrogenic products like diesel. In addition, the GC/MS data can also be sued to determine the boiling range of a material in a manner similar to ASTM D 3328. The GC/MS data provided by AXYS were reviewed to determine if creosote was present in any of the samples analyzed.

The defendants have not alleged that they did not have access to the environmental samples (*i.e.*, those from Carver Circle). Therefore, Bruya's report adequately provides a methodology that the defense experts could verify with regard to the narrow question whether the soil samples from the Carver Circle neighborhood contained creosote.

Having considered Rule 702 and the factors interpreting that rule, the court concludes that Bruya's testimony is sufficiently reliable and relevant to pass through the gates. This is not to say that his opinions are correct. That is for the jury to decide. Any perceived flaws in Bruya's opinions can be brought out during cross-examination.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendants' Motion to Bar Expert Testimony of Dr. James E. Bruya [452-1] is **DENIED**.

**SO ORDERED** this the 3d day of February, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE