# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### WESTERN DIVISION

| | |
|---|---|
| **FRED BECK; ET AL.,** | **PLAINTIFFS,** |
| **VS.** | **CIVIL ACTION NO. 3:03CV60-P-D** |
| **KOPPERS, INC., f/k/a KOPPERS INDUSTRIES, INC.; ET AL.,** | **DEFENDANTS.** |

### CONSOLIDATED WITH

| | |
|---|---|
| **HOPE ELLIS, ET AL.,** | **PLAINTIFFS,** |
| **VS.** | **CIVIL ACTION NO. 3:04CV160-P-D** |
| **KOPPERS, INC., f/k/a KOPPERS INDUSTRIES, INC.; ET AL.,** | **DEFENDANTS.** |

### ORDER

This matter comes before the court upon Plaintiff's Motion for Partial Summary Judgment [508-1]. Upon due consideration of the motion and the response filed thereto – no reply having been filed – the court finds as follows, to-wit:

**A. Summary Judgment Standards**

Summary judgment should be entered only if "[t]here is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment has the initial burden of demonstrating through the evidentiary materials that there is no actual dispute as to any material fact in the case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On motion for summary judgment, "[t]he inquiry performed is the threshold inquiry of determining whether there is a need for a trial -- whether, in other words, there

1

are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (l986). In determining whether this burden has been met, the court should view the evidence introduced and all factual inferences from that evidence in the light most favorable to the party opposing the motion. *Id*. Furthermore, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, *supra*, at 322.

The summary judgment procedure does not authorize trial by affidavit. Rather, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict." *Anderson v. Liberty Lobby, Inc.*, *supra*, at 255. Accordingly, a court may not decide any factual issues found in the record on motion for summary judgment, but if such material issues are present, the court must deny the motion and proceed to trial. *Impossible Elec. Tech. v. Wackenhut Protection Systems*, 669 F.2d l026, l03l (5 Cir. l982); *Environmental Defense Fund v. Marsh*, 65l F.2d 983, 99l (5 Cir. l98l); *Lighting Fixture & Electric Supply Co. v. Continental Ins. Co.*, 420 F.2d l2ll, l2l3 (5 Cir. l969).

Under the provisions of Federal Rule of Civil Procedure 56(e), a party against whom a motion for summary judgment is made may not merely rest upon his pleadings, but must, by affidavit, or other materials as provided in Rule 56, inform the court of specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, *supra*, at 324.

Summary judgment is not proper if a dispute about a material fact is "genuine," or in other words the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson*, *supra* at 248. There is no such issue unless the evidence sufficiently supports the non-moving party's version of the facts for a jury to return a verdict in the non-moving party's favor. *Id.*, at 249. The relevant inquiry is whether or not there is sufficient disagreement on the facts to submit them to the jury or whether it is so one-sided that one party should prevail as a matter of law. *Id.*, at 251. The issue must be genuine, and not pretended, and the evidence relied on to create such an issue must be substantial. *Southern Distributing Co. v. Southdown, Inc.*, 574 F.2d 824, 826 (5th Cir. 1978).

**2. Analysis**

In this case, the plaintiff Kenesha Barnes on behalf of the estate of her mother Sherrie Barnes, asserts claims of negligence, gross negligence, negligence per se, intentional tort, conspiracy, strict liability, trespass, nuisance, and failure to warn. In the instant motion, the plaintiff seeks summary judgment on her trespass, nuisance, negligence, and negligence per se claims.

With regard to her trespass and nuisance claims, it is undisputed that the decedent never owned any real property, including 125 Carver Circle where she lived her entire life and the property upon which the plaintiff claims the defendants' allowed harmful chemicals to migrate. See Plaintiff's Initial Disclosures 5-6 and Plaintiff's Response to Interrogatories 14-15. Therefore, the plaintiff's arguments that summary judgment should be granted to her for trespass and nuisance are not well-taken since trespass and nuisance claims presuppose property ownership.

As to her negligence per se claim, the plaintiff only discusses this claim for one paragraph and cites generally to the Mississippi Air and Water Pollution Control Law, Miss. Code Ann. §§ 49-

3

17-1 through 49-17-3 without discussing either the specific provisions that the defendants allegedly violated or the specific facts supporting the alleged violations. Therefore, the plaintiff has not established that there is no genuine issue of material fact that warrants a finding for the plaintiff as a matter of law on her negligence per se claim.

Finally, regarding her negligence claim, the plaintiff has not established that there are no genuine issues of material fact warranting summary judgment on her negligence claim. A trial is necessary to determine the factual issues regarding negligence.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiff's Motion for Partial Summary Judgment [508-1] is **DENIED**.

**SO ORDERED** this the 3d day of February, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE