**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**FRED BECK; ET AL.,**                                                  **PLAINTIFFS,**

**VS.**                                    **CIVIL ACTION NO. 3:03CV60-P-D**

**KOPPERS, INC., f/k/a KOPPERS INDUSTRIES, INC.;
ET AL.,**                                                  **DEFENDANTS.**

**CONSOLIDATED WITH**

**HOPE ELLIS, ET AL.,**                                          **PLAINTIFFS,**

**VS.**                                    **CIVIL ACTION NO. 3:04CV160-P-D**

**KOPPERS, INC., f/k/a KOPPERS INDUSTRIES, INC.;
ET AL.,**                                                  **DEFENDANTS.**

**ORDER**

This matter comes before the court upon Defendants Koppers, Inc. and Beazer East, Inc.'s

Motion for Summary Judgment [465-1], joined by Defendant Illinois Central Railroad. Upon due

consideration of the motion and the responses filed thereto, the court finds as follows, to-wit[1]:

**A. Summary Judgment Standards**

Summary judgment should be entered only if "[t]here is no genuine issue as to any material

fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The

party seeking summary judgment has the initial burden of demonstrating through the evidentiary

materials that there is no actual dispute as to any material fact in the case. *Celotex Corp. v. Catrett*,

477 U.S. 3l7, 323 (l986). On motion for summary judgment, "[t]he inquiry performed is the

---

[1] The court already denied the defendants' statute of limitations argument in its order of
October 21, 2005.

1

threshold inquiry of determining whether there is a need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (l986). In determining whether this burden has been met, the court should view the evidence introduced and all factual inferences from that evidence in the light most favorable to the party opposing the motion. *Id*. Furthermore, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, *supra*, at 322.

Under the provisions of Federal Rule of Civil Procedure 56(e), a party against whom a motion for summary judgment is made may not merely rest upon his pleadings, but must, by affidavit, or other materials as provided in Rule 56, inform the court of specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, *supra*, at 324.

Summary judgment is not proper if a dispute about a material fact is "genuine," or in other words the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson*, *supra* at 248. There is no such issue unless the evidence sufficiently supports the non-moving party's version of the facts for a jury to return a verdict in the non-moving party's favor. *Id*., at 249. The relevant inquiry is whether or not there is sufficient disagreement on the facts to submit them to the jury or whether it is so one-sided that one party should prevail as a matter of law. *Id*., at 251. The issue must be genuine, and not pretended, and the evidence relied on to create such an issue must be substantial. *Southern Distributing Co. v. Southdown, Inc.*, 574 F.2d 824, 826 (5th Cir. 1978).

**B. Analysis**

In this case, the plaintiff Kenesha Barnes on behalf of the estate of her mother Sherrie Barnes, asserts claims of negligence, gross negligence, negligence per se, intentional tort, conspiracy, strict liability, trespass, nuisance, and failure to warn against the defendants. The basic claim upon which all of the causes of action are based is that the defendants allowed harmful chemicals to migrate from the subject Grenada wood-treatment facility to the plaintiff's neighborhood, causing her physical and property damages. In the instant motion, the defendants move for summary judgment as to all of her claims. Mindful of the summary judgment standards discussed above, the court will consider each of the plaintiff's claims in turn.

**1. Trespass and Nuisance**

It is undisputed that the estate of Sherrie Barnes, who died in 1998, owned no real or personal property damaged by the alleged migration of harmful chemicals. Therefore, the court concludes that summary judgment should be granted on Barnes's trespass and nuisance claims.

**2. Strict Liability**

The defendants are correct that the plaintiff fails to specifically address which provisions of the Mississippi Air and Water Pollution Control Law, Miss. Code Ann. §§ 49-17-1 through 49-17-3 were violated and specific facts demonstrating those violations.

The court agrees with Judge Davidson that "Mississippi law requires ultrahazardous activity before strict liability will be imposed upon industrial operations." *Andrews v. Kerr McGhee Corp.*, Civil Action No. 1:00CV158-D-A (N.D.Miss. 2001) (citing *Bradley v. Armstrong Rubber Co.*, 130 F.3d 168, 174 (5th Cir. 1997). Indeed, ultrahazardous activity has been defined narrowly under Mississippi law and "has only been found by Mississippi Courts in cases involving the use and

transport of explosives in populated areas." *Id.* (citing *Donald v. Amoco Products, Inc.*, 735 So.2d 161, 170 (1999)). However, in *Donald*, the court did not answer whether transportation or disposal of radioactive material was ultrahazardous because the strict liability claim in that case related to a nuisance claim which the court observed was indistinguishable from the strict liability claim. In this case, however, the strict liability claim does not appear to be contingent upon damage to property. Rather, the strict liability claim in this case seeks damages for injuries to the person of the plaintiff.

In any event, just because the Mississippi Courts have only found transportation of explosives populated areas as ultrahazardous activity does not mean there cannot be other ultrahazardous activities rendering appropriate a strict liability claim. Thus, the court should consider the relevant elements. The strict liability test is:(1) One who carries an abnormally dangerous activity is subject to liability for harm to the person, land or chattels of another resulting from the activity, although he has exercised the utmost care to prevent the harm; and (2) This strict liability is limited to the type of harm, the possibility of which makes the activity abnormally dangerous. *Donald*, 735 So.2d at 171 (citing Restatement 2d of Torts § 519). In determining whether an activity is abnormally dangerous, the following factors are to be considered: (a) existence of a high degree of risk of some harm to the person, land or chattels of another; (b) likelihood that the harm that results from it will be great; (c) ability to eliminate the risk by the exercise of reasonable care; (d) extent to which the activity is not a matter of common usage; (e) inappropriateness of the activity to the place where it is carried on; and (f) extent to which its value to the community is outweighed by its dangerous attributes. *Id.* (citing Restatement 2d of Torts § 520).

With regard the these factors, the court concludes that while there may be a high degree of risk some harm to the community will result from using hazardous chemicals at a wood-treatment

facility, there is obviously an ability to eliminate the risks by reasonable care. Indeed, this fact goes to the crux of the plaintiff's case that the defendants are liable because they deliberately, recklessly, or negligently allowed harmful chemicals to migrate to the Tie Plant community since such accusations presume the ability to have acted with reasonable care to prevent the pollution. Furthermore, the plaintiffs have not demonstrated that the use of pentachlorophenal and creosote is not a matter of common usage, nor that there is necessarily anything inappropriate about such a plant existing within the proximity of a neighborhood assuming reasonable care is taken at the plant with regard to its chemicals. Indeed, there are neighborhoods in the proximity to plants all over the country. Finally, the plaintiff has not established that the value of the plant to the community *vis-a-vis* the jobs it provides, etc. is outweighed by the plants dangerous attributes assuming reasonable care is exercised with regard to the chemicals.

Having considered the aforesaid factors, the court concludes that the plaintiffs have not shown that there is a genuine issue of material fact that would save their strict liability claim from summary judgment simply because the plaintiff has not demonstrated that wood-treatment facilities in and of themselves using penta and creosote safely is ultrahazardous activity akin to radioactive materials or explosives.

**3. Failure to Warn**

The plaintiff has conceded that she is "not asserting failure to warn as a separate cause of action, but simply part and parcel of her claims of negligence and gross negligence." Plaintiff's Response. Therefore, the court concludes that the plaintiff's failure to warn claim should be dismissed as a separate claim on summary judgment.

**4. Negligence Per Se**

As to her negligence per se claim, the plaintiff only generally to the Mississippi Air and Water Pollution Control Law, Miss. Code Ann. §§ 49-17-1 through 49-17-3 without discussing either the specific provisions that the defendants allegedly violated or the specific facts supporting the alleged violations. Accordingly, the court concludes that the plaintiff has pointed to no evidence that would allow this claim to survive summary judgment. As cited above, under the provisions of Federal Rule of Civil Procedure 56(e), a party against whom a motion for summary judgment is made may not merely rest upon his pleadings, but must, by affidavit, or other materials as provided in Rule 56, inform the court of specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, *supra*, at 324.

**5. Conspiracy**

The defendants argue that there is no evidence presented that the defendants conspired to intentionally fail to investigate off-site contamination. The court concludes that there exists sufficient evidence to create a genuine issue of material fact regarding conspiracy, thereby requiring a fact finder to determine the validity of the plaintiff's conspiracy claim. Therefore, summary judgment as to this claim should be denied.

**6. Negligence and Gross Negligence**

The defendants' arguments notwithstanding, the court concludes that there is sufficient evidence to create material facts requiring a fact finder to determine the plaintiff's negligence and gross negligence claims.

**7. Intentional Tort**

The defendants are correct that the Fourth Amended Complaint does not delineate exactly

6

which intentional tort was meant by Count IV. In her response to the defendants' motion for summary judgment, the plaintiff avers that the defendants are liable for battery. The defendants are correct, and it is undisputed, however, that the statute of limitation for battery is one-year, thereby barring the plaintiff's claim for battery. Miss. Code Ann. § 15-1-35. The plaintiff has not argued that the discovery rule applies to toll that statute.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Defendants Koppers, Inc. and Beazer East, Inc.'s Motion for Summary Judgment [465-1] is **GRANTED IN PART AND DENIED IN PART**; specifically,

(2) The motion is granted with regard to the plaintiff's claims for trespass, nuisance, strict liability, failure to warn, negligence per se, and intentional tort. Therefore, those claims are **DISMISSED WITH PREJUDICE**; however,

(3) The motion is denied with regard to the plaintiff's claims for negligence, gross negligence, and conspiracy. Therefore, those three claims remain for trial.

**SO ORDERED** this the 3d day of February, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE