# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**FRED BECK; ET AL.,**                                                                         **PLAINTIFFS,**

**VS.**                                           **CIVIL ACTION NO. 3:03CV60-P-D**

**KOPPERS, INC., f/k/a KOPPERS INDUSTRIES, INC.;**
**ET AL.,**                                                        **DEFENDANTS.**

## CONSOLIDATED WITH

**HOPE ELLIS, ET AL.,**                                                **PLAINTIFFS,**

**VS.**                                           **CIVIL ACTION NO. 3:04CV160-P-D**

**KOPPERS, INC., f/k/a KOPPERS INDUSTRIES, INC.;**
**ET AL.,**                                          **DEFENDANTS.**

## **ORDER**

This matter comes before the court upon Illinois Central's Motion for Reconsideration [775-1]. Upon due consideration of the motion, the court finds as follows, to-wit:

Illinois Central has noted an apparent inconsistency in the court's rulings regarding the amount of control Illinois Central has exercised at all relevant times at Defendant Koppers, Inc.'s Grenada wood-treatment facility. In its Opinion and Order denying Illinois Central's Motion for Summary Judgment, the court concluded that "findings of fact are necessary to determine the amount of control Illinois Central has exerted over wood treatment at Koppers, Inc. plant – especially in relation to the amount of control, if any, Illinois Central has had in the handling of the chemically-treated wood owned and supervised by Illinois Central on plant premises." On the other hand, in its Order granting in part and denying in part Plaintiff's Motion to Strike the Opinions of James Shea

or, in the Alternative, to Limit the Opinions of James Shea, the court concluded that James Shea's "opinion regarding control is a legal conclusion beyond the realm of Shea's expertise."

In other words, it appears that the court stated in one ruling that the issue of control is a question of fact while concluding elsewhere it is a question of law. The court will clarify this apparent contradiction. Of course, in a jury trial questions of fact are within the province of the jury and questions of law belong to the court. Illinois Central having cited no authorities to the contrary, the court concludes that the *amount* of control, if any, Illinois Central has exercised at Koppers, Inc.'s Grenada facility at all relevant times is a question of fact for the jury. The question of whether the amount of control is sufficient to, and does in fact, render Illinois Central legally responsible, albeit partially, for the alleged pollution is a mixed question of law and fact. The questions of law for the court are (1) the threshold question of whether Illinois Central *can*, under the law, be held liable if the jury finds the requisite control; and (2) whether sufficient evidence was presented at trial that Illinois Central exercised the threshold amount of control to allow the question of liability to go to the jury, thereby surviving a motion for a judgment as a matter of law. The questions of fact for the jury are: (1) whether there was the requisite amount of control to hold Illinois Central liable; and (2) whether Illinois Central *is* held liable.

Consequently, James Shea may testify regarding his opinions that Illinois Central exercised no control – which is a question of fact – but he may not testify that Illinois Central cannot be legally responsible for any of the plaintiff's claims since such an opinion is a legal conclusion. Again, whether or not Illinois Central can be legally responsible is a question of law, and whether they are legally responsible is a question of fact.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1)  Illinois Central's Motion for Reconsideration [775-1] is **GRANTED** insofar as Illinois Central's expert James Shea may testify regarding the lack of control Illinois Central exercised at Koppers, Inc.'s Grenada facility while being precluded from testifying whether Illinois Central can be held legally responsible for any of the plaintiff's claims; and

(2) The court's Order [755-1] granting in part and denying in part Plaintiff's Motion to Strike the Opinions of James Shea or, in the Alternative, to Limit the Opinions of James Shea is hereby modified to reflect the conclusion of this order.

**SO ORDERED** this the 17th day of February, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE