**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**FRED BECK; ET AL.,**                                                      **PLAINTIFFS,**

**VS.**                   **CIVIL ACTION NO. 3:03CV60-P-D**

**KOPPERS, INC., f/k/a KOPPERS INDUSTRIES, INC.;
ET AL.,**                     **DEFENDANTS.**

**CONSOLIDATED WITH**

**HOPE ELLIS, ET AL.,**            **PLAINTIFFS,**

**VS.**                 **CIVIL ACTION NO. 3:04CV160-P-D**

**KOPPERS, INC., f/k/a KOPPERS INDUSTRIES, INC.;
ET AL.,**               **DEFENDANTS.**

**ORDER**

This matter comes before the court upon Defendants' Motion to Reconsider This Court's February 2, 2006 Order Regarding Admissibility of Backyard Burning and other Alternative Sources [776-1]. Upon due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

"[A] motion [for reconsideration under Fed. R. Civ. P. 59(e)] is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004), *cert. denied*, 125 S.Ct. 411 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). "Rather, Rule 59(e) serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id*. (internal citations omitted).

Having considered the instant motion, as well as having "reconsidered" the plaintiff's

1

original motion in limine and the defendants' response thereto, the court concludes that the defendants have not pointed to any manifest errors of law or fact made by the court in its February 2, 2006 Order justifying a vacation of same. In that Order, the court excluded defense *expert testimony* (as opposed to non-expert evidence) regarding alternative sources of contamination such as trash burning ,the Heatcraft facility, cigarette smoke, automobile exhaust, etc. simply because the defense experts did not provide independent, scientific opinions meeting Fed. R. Evid. 702, *Daubert/Kumho*., and Fed. R. Civ. P. 26(a)(2) (complete expert report requirement) standards. Had they done so, their expert opinion evidence would be admissible. It is not a manifest error of law or fact to expect that expert evidence required to meet Rule 702 scientific reliability standards should be rebutted by expert evidence also meeting those standards. Indeed, there is nothing in Rule 702 that distinguishes between plaintiff expert testimony or defense expert testimony or rebuttal expert testimony. Rule 702 standards apply to all expert testimony.

Having reviewed the instant motion, the court does not see any substantially new evidence presented. In any event, the court allowed additional discovery regarding what effect, if any, the fact that some or all of the subject neighborhood was once owned by the wood-treatment facility. The parties were allowed to supplement their previously filed motions with expert testimony regarding that narrow issue. The supplemental discovery was not aimed at allowing additional evidence regarding alternate sources of contamination such as trash burning. Rather, the reopening of discovery was limited to allow consideration of additional geographic and physical boundaries for possible exposure and not to remedy expert opinions that were Rule 702 deficient at the time they were originally offered.

The court concludes that the instant motion to reconsider essentially reargues points already

rejected by the court. Thus, the court stands by its earlier ruling based on the defendants' original response to the plaintiff's motion in limine at issue.

It should be clarified, however, that the defendants in the Barnes case (and any subsequent case in this matter whose discovery deadline has passed) **can** cross-examine the plaintiff's experts on alternative sources – the defendants just cannot rebut with expert testimony that failed to meet Rule 702 standards.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendants' Motion to Reconsider This Court's February 2, 2006 Order Regarding Admissibility of Backyard Burning and other Alternative Sources [776-1] is **DENIED**.

**SO ORDERED** this the 13th day of March, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE