# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### WESTERN DIVISION

**FRED BECK; ET AL.,**                                                            **PLAINTIFFS,**

**VS.**                     **CIVIL ACTION NO. 3:03CV60-P-D**

**KOPPERS, INC., f/k/a KOPPERS INDUSTRIES, INC.;**
**ET AL.,**                        **DEFENDANTS.**

### CONSOLIDATED WITH

**HOPE ELLIS, ET AL.,**                     **PLAINTIFFS,**

**VS.**                  **CIVIL ACTION NO. 3:04CV160-P-D**

**KOPPERS, INC., f/k/a KOPPERS INDUSTRIES, INC.;**
**ET AL.,**                        **DEFENDANTS.**

## **ORDER**

This matter comes before the court upon Defendant's Motion to Bar Supplemental Opinions of Dr. Devraj Sharma and Dr. Nicholas Cheremisinoff [767-1]. Upon due consideration of the motion, the court finds as follows, to-wit:

The motion is well-taken and should be granted. As explained by the court several different times in this litigation, for an expert opinion to pass muster under Fed. R. Evid. 702 and subsequent decisions interpreting same, the expert *inter alia* must not only be qualified but he must also show his work in the form of a complete Fed. R. Civ. P. 26(a)(2)(B). As stated in the court's February 2, 2006 Order, "a scientist's expert report and the opinions expressed therein should be able to be picked up by any scientist in the same field and should lend itself to independent verification without further inquiry." As stated further in that Order:

The applicable rules governing admission of evidence inherently scientific do not allow for speculation or resting on an expert's laurels. Rather, in order to present scientific opinions, one must, *inter alia*, (1) proffer a qualified expert who produces an expert report that contains "a **complete** statement of all opinions to be expressed and the basis and reasons therefor [and] the data or other information considered by the witness in forming the opinions," FRCP 26(a)(2)(B) (emphasis added); and (2) present opinions that are based upon sufficient facts or data and that are the product of reliable principles and methods that the expert has applied reliably to the facts of the case, FRE 702. Furthermore, "the proponent has the burden of establishing that the pertinent admissibility requirements are met by a preponderance of the evidence." Advisory Committee's Note on 2000 Amendment of FRE 702.

Considering the applicable Rule 702 standards, the court concludes that Dr. Cheremisinoff's supplemental report should be stricken in its entirety not only because he did not show his work – *i.e.*, how the defendants specifically violated the "spirit" of the environmental laws without specific legal analysis – but also because the report goes beyond the scope of the re-opening of discovery which was meant to allow discovery regarding the "new evidence" that the land upon which the subject neighborhood was built was once owned by plant.

Similarly, Dr. Sharma's supplemental report should be stricken in its entirety because the contents therein are beyond the scope of what effect, if any, the plant's prior ownership of the land upon which the neighborhood was built had on the subject property. In any event, the surface-water opinions do not pass Rule 702 muster because Dr. Sharma did not show his work and he has previously admitted in his deposition that he has not performed quantitative analysis on surface water, and the supplemental report itself

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Defendant's Motion to Bar Supplemental Opinions of Dr. Devraj Sharma and Dr. Nicholas Cheremisinoff [767-1] is **GRANTED**; therefore,

(2) The supplemental reports of Dr. Devraj Sharma and Dr. Nicholas Cheremisinoff are

**STRICKEN** and they are barred from testifying regarding the opinions contained therein.

**SO ORDERED** this the 16th day of March, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE