# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**FRED BECK; ET AL.,**                                                   **PLAINTIFFS,**
**(Sherrie Barnes)**

**VS.**                                **CIVIL ACTION NO. 3:03CV60-P-D**

**KOPPERS, INC., f/k/a KOPPERS INDUSTRIES, INC.;**
**ET AL.,**                                          **DEFENDANTS.**

## CONSOLIDATED WITH

**HOPE ELLIS, ET AL.,**                                   **PLAINTIFFS,**

**VS.**                                          **CIVIL ACTION NO. 3:04CV160-P-D**

**KOPPERS, INC., f/k/a KOPPERS INDUSTRIES, INC.;**
**ET AL.,**                                          **DEFENDANTS.**

## ORDER

This matter comes before the court upon Defendant's Motion in Limine for Bifurcation of Plaintiff's Punitive Damage Claim [850-1]. Upon due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

The motion should be granted insofar as the court will treat the issue of punitive damages as required by Mississippi Code Annotated § 11-1-65 (eff. July 1, 1993 to September 1, 2004). The issue of punitive damages will not be addressed until and unless the jury returns a verdict for the plaintiff for compensatory damages. In the event there is a verdict for compensatory damages, the court will first conduct an evidentiary hearing outside the presence of the jury to determine (a) if an instruction for punitive damages is warranted and (b) what evidence the parties intend to present to the jury regarding punitive damages. If the court determines that a punitive damages instruction is warranted, the court will then allow the parties to present their evidence relating to punitive damages

to the jury. At the conclusion of said evidence, the court will then instruct the jury regarding punitive damages, including the difference between the preponderance of the evidence standard and the clear and convincing standard.

Essentially, the court will not admit evidence during the first stage of the trial that is only relevant to punitive damages – *e.g.*, defendants' net worth and financial status, stating during opening statements that the jury should punish the defendants, etc. Any evidence, however, that is relevant to both compensatory damages and punitive damages that is not otherwise excluded may be admitted during the initial compensatory damages stage.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendant's Motion in Limine for Bifurcation of Plaintiff's Punitive Damage Claim [850-1] is **GRANTED** as outlined above.

**SO ORDERED** this the 3rd day of April, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE