**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

| | |
|---|---|
| FRED BECK; ET AL., <br> (Sherrie Barnes) | PLAINTIFFS, |
| VS. | CIVIL ACTION NO. 3:03CV60-P-D |
| KOPPERS, INC., f/k/a KOPPERS INDUSTRIES, INC.; <br> ET AL., | DEFENDANTS. |

**CONSOLIDATED WITH**

| | |
|---|---|
| HOPE ELLIS, ET AL., | PLAINTIFFS, |
| VS. | CIVIL ACTION NO. 3:04CV160-P-D |
| KOPPERS, INC., f/k/a KOPPERS INDUSTRIES, INC.; <br> ET AL., | DEFENDANTS. |

**ORDER**

This matter comes before the court upon Defendants' Motion in Limine to Bar Evidence or Testimony Regarding Race, Racism, or Discrimination [847-1]. Upon due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

The defendants point to seven different things they expect the plaintiff to bring forth to the jury through various methods – all of which concern racial discrimination: (1) the racial backgrounds or makeup of the defendants' managers, employees or local residents; (2) the former living area on the plant described by witnesses as "the Quarters"' (3) that historical property transfers in 1955 and 1971 demonstrate that the defendants' "racially discriminatory disdain for the health/well being of

1

Carver Circle community residents"; (4) the introduction into evidence or any testimony regarding an old plant map referencing a "colored locker room"; (5) any witness' purported affiliation with the Ku Klux Klan or similar organizations; (6) any use of racially charged terms such as "shanties," "usual problems" and "undesirables"; and (7) that defendants conspired to deprive any plaintiff of their right to the peaceful use and enjoyment of their property based upon their race and socioeconomic status. The defendants argue that this evidence is clearly meant to allege racism and is irrelevant to the determination of this action. Furthermore, the defendants argue, even if such evidence were deemed relevant, the evidence should be excluded because any probative value it might have is substantially outweighed by the danger of unfair prejudice or confusion of the issues.

The plaintiffs argue that the issue as to whether the defendants were indifferent to residents of the Carver Circle and Tie Plant communities is relevant to their actions as it relates to defendants' corporate culture in terms of making environmental decisions or the lack thereof, that directly impacted Sherrie Barnes, as well as the other residents of the Carver Circle and Tie Plant communities. Furthermore, the plaintiff argues that such racial indifference is relevant to the issue of punitive damages which requires proof by clear and convincing evidence of "reckless disregard for the safety of others." Miss. Code Ann. § 11-1-65.

"'Relevant evidence' means evidence having any tendency to make the existence of any fact that is *of consequence to the determination of the action* more probable or less probable than it would be without the evidence." Fed. R. Evid. 401 (emphasis added).

"All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Acts of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible." Fed. R. Evid. 402.

2

"Although relevant, evidence *may* be excluded if its probative value is *substantially* outweighed by the danger of *unfair* prejudice, [or] *confusion of the issues*...." Fed. R. Evid. 403 (emphasis added).

The ultimate issues in this case are: (1) whether the defendants caused pollution to come into contact with Sherrie Barnes; and (2) if so, whether that pollution caused Sherrie Barnes's breast cancer. Having considered the parties' arguments, the court concludes that any evidence intimating racial discrimination is irrelevant with regard to the aforementioned issues in this case. This is because such evidence does not have any rational tendency to make the existence of the facts that are of consequence to this action – *i.e.*, whether the defendants polluted and, if so, whether that pollution caused Sherrie Barnes's breast cancer – more or less probable than they would be without the evidence. Even if relevant, such evidence would pose a substantial danger of confusing the issues because the jury could well concentrate on whether or not the defendants or their employees were past or present racists, instead of the material issues, thereby tempting the jury to assume that if some or all of the defendants were in fact racists, then they must have caused pollution which caused Sherrie Barnes's breast cancer. Similarly, even if the evidence of alleged racism were legally relevant under Rule 401, the probative value of such evidence would clearly be substantially outweighed by *unfair* prejudice since the jury might concentrate on racism rather than whether or not the defendants caused pollution which caused Sherrie Barnes's breast cancer.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Defendants' Motion in Limine to Bar Evidence or Testimony Regarding Race, Racism, or Discrimination [847-1] is **GRANTED**; therefore,

(2) Any evidence intimating racial discrimination in this case is excluded from trial. In the

event this order is violated, the court will have to consider a mistrial.

**SO ORDERED** this the 3rd day of April, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE