# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

FRED BECK; ET AL.,                                                        PLAINTIFFS,
(Sherrie Barnes)

VS.                                              CIVIL ACTION NO. 3:03CV60-P-D

KOPPERS, INC., f/k/a KOPPERS INDUSTRIES, INC.;
ET AL.,                                                   DEFENDANTS.

# CONSOLIDATED WITH

HOPE ELLIS, ET AL.,                                   PLAINTIFFS,

VS.                                      CIVIL ACTION NO. 3:04CV160-P-D

KOPPERS, INC., f/k/a KOPPERS INDUSTRIES, INC.;
ET AL.,                                        DEFENDANTS.

## ORDER

This matter comes before the court upon Defendants' Motion in Limine Regarding Evidence of Fraud on Government Agencies [862-1]. Upon due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

The U.S. Supreme Court held in *Buckman Co. v. Plaintiffs' Legal Committee*, 531 U.S. 341, 347-8 (2001) that "[p]olicing fraud against federal agencies is hardly 'a field which the States have traditionally occupied.'" In *Buckman*, the Court concluded that "the plaintiffs' state-law fraud-on-the-FDA claims conflict with, and are therefore impliedly pre-empted by, federal law." *Id*.

In the instant case, the plaintiff's conspiracy claim is based in part on her allegations that the defendants conspired to defraud State and Federal agencies such as the USEPA and the MDEQ, thereby contributing to personal injuries to her. Given the ruling in *Buckman*, the plaintiff may not

1

recover for any alleged fraud against the USEPA under the rubric of a state-law conspiracy claim. However, this court concludes that the defendants have demonstrated no reason why the plaintiff may not offer evidence regarding alleged fraud among the defendants with regard to the Mississippi Department of Environmental Quality (MDEQ) to support her conspiracy claim. Obviously such evidence is relevant to the plaintiff's conspiracy, negligence, and punitive damages claims. Furthermore, such evidence is not unfairly prejudicial. In terms of standing, the defendants have cited no controlling authority holding that the alleged fraud against the MDEQ did not materially and personally affect Sherrie Barnes according to her case theory – *i.e.*, personal damages caused in part by conspiracy. A plaintiff's claim that she was personally injured as a result of two or more defendants' conspiracy to defraud the MDEQ does not seek the same relief as the MDEQ itself might seek if they were to believe that they were defrauded. In this case, the conspiracy claim seeks compensatory and punitive damages resulting from the alleged conspiracy to defraud the State environmental regulation agency; whereas, relief sought by the MDEQ, hypothetically, would be more in the nature of a fine without regard to third-party injuries springing from the alleged fraud.

The court notes, however, that even though the plaintiff may not use evidence of an alleged conspiracy to defraud the USEPA to support her case-in-chief, *i.e.* her conspiracy claim, she may use such evidence to impeach any evidence proffered by the defendants that they complied with all USEPA regulations. In other words, evidence of a conspiracy to defraud the MDEQ is relevant to the plaintiff's conspiracy claim; whereas, evidence of a conspiracy to defraud the USEPA, if used to rebut evidence that the defendants complied with all USEPA standards, would be relevant for impeachment purposes only and not for the conspiracy claim.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendants' Motion in Limine Regarding Evidence of Fraud on Government Agencies [862-1] is **GRANTED IN PART AND DENIED IN PART** as explained above.

**SO ORDERED** this the 7th day of April, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE