# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### WESTERN DIVISION

**FRED BECK; ET AL.,**                                                 **PLAINTIFFS,**

**VS.**                                    **CIVIL ACTION NO. 3:03CV60-P-D**

**KOPPERS, INC., f/k/a KOPPERS INDUSTRIES, INC.;**
**ET AL.,**                                                      **DEFENDANTS.**

### CONSOLIDATED WITH

**HOPE ELLIS, ET AL.,**                                            **PLAINTIFFS,**

**VS.**                                   **CIVIL ACTION NO. 3:04CV160-P-D**

**KOPPERS, INC., f/k/a KOPPERS INDUSTRIES, INC.;**
**ET AL.,**                                                      **DEFENDANTS.**

### <u>ORDER</u>

This matter comes before the court upon Defendants' Motion in Limine to Bar Various Irrelevant and Prejudicial Evidence [863-1]. Upon due consideration of the defendants' omnibus motion and the responses filed thereto, the court finds as follows, to-wit:

In the instant motion, the defendants refer to ten different areas of evidence they wish to be excluded from trial. Each area will be considered in turn.

**A. Net Worth / Financial Status**

The motion should be granted insofar as the plaintiff may not address the defendants' net worth for punitive damages purposes unless and until the jury has returned a verdict for compensatory damages and the court rules that there is enough evidence to proceed to the punitive damages phase. However, the motion is denied insofar as the plaintiff will be allowed to rebut

testimony, if any, that the defendants made environmental remediation decisions based on the lack of adequate funds. In the event such evidence is allowed for this narrow purpose, the court will give a limiting instruction to the jury stating for what purpose the jury can consider such evidence.

## B. Prior Representation

This motion in limine is granted. Unless during trial the plaintiff can show that evidence of defense counsel's representation of the same defendants in other lawsuits is relevant and not unfairly prejudicial or otherwise inadmissible, the plaintiff shall not reference such matters.

## C. Settlement Offers/ Discussions

The defendants move to exclude pursuant to Fed. R. Evid. 408 any reference to settlement offers or discussions to settle. The plaintiff responds that no such discussions have ever taken place. Thus, since the plaintiff has not indicated any desire to admit evidence of settlement offers, the court concludes that this motion in limine is moot. In any event, Rule 408 covers what is and is not admissible regarding settlement offers.

## D. Documents Not Produced

The defendants state : "Plaintiff has used during depositions and listed in the pretrial order a number of documents that they purportedly obtained from other sources regarding the Grenada plant, but has failed to produce these documents in the present matter. Since these documents have not been produced by Plaintiff or referenced by Plaintiff in response to Defendants' discovery requests, their use at trial should be precluded." The plaintiff responds that the defendants do not specifically mention the documents to which the defendants are referring. Furthermore, the plaintiff argues that per the Pretrial Order, they are not required to produce documents they plan on using for impeachment purposes only. The court concludes that this motion in limine should be denied as

nebulous. Pursuant to the discovery rules, the plaintiff may not offer in their case-in-chief documents that she did not produce. The plaintiff is correct, however, that she may offer un-produced documents for impeachment purposes only.

**E. Insurance/Reserves**

The defendants' motion regarding insurance/reserves argues for exclusion of: "Any evidence, testimony or comments regarding Defendants' liability insurance or environmental reserves. The admission of evidence of the limits of an alleged tortfeasor's insurance coverage or reserves is reversible error." The plaintiff concedes that evidence of liability insurance that could cover a judgment is inadmissible. However, the plaintiff argues that there is no prohibition against admitting evidence of environmental insurance reserves. "Unlike the issue of insurance," states the plaintiff, "which simply goes to the ability of a party to pay, the Defendants' environmental reserves set by corporate management go directly to the issue of Defendants' knowledge of environmental non-compliance giving rise to potential liability. This is directly relevant to the issue of negligence, i.e., that defendants know or should have known that their conduct was giving rise to environmental damages." The plaintiff also argues that the environmental reserves evidence is relevant to the punitive damages stage, if reached.

Fed. R. of Evid. 411 clearly provides that evidence of liability insurance "is not admissible upon the issue of whether the person acted negligently or otherwise wrongfully." The court grants the motion in limine with regard to this language. However, liability insurance may be admitted if such evidence is used for an exception enunciated in Rule 411.

With regard to environmental reserves, the defendants have cited no authority mandating exclusion of such evidence. Indeed, evidence of environmental reserves does not go to ability to pay

any judgment rendered against the defendants. The court agrees with the plaintiff's position quoted above regarding environmental reserves and such evidence may be admitted, as long as it is made clear that said evidence has nothing to do with the defendants' ability to pay a judgment rendered in this case. The court notes, however, that nowhere in the briefs *sub judice* do the parties elaborate on the contours of environmental reserves. In the event these reserves will indeed be used to satisfy in whole or in part a judgment, if any, rendered against the defendants in this case, such evidence will be excluded pursuant to Rule 411. As the court currently understands it, the environmental reserves are insurance for remediation of any pollution at the subject plant and does not cover lawsuits for personal injury torts.

### F. Dividends/Salaries/Bonuses

The defendants seek to exclude: "Any evidence, testimony or comments regarding Koppers' payment of dividends, as well as employee salaries and bonuses, as such evidence is irrelevant and prejudicial. Moreover, payment of dividends is not relevant to any punitive damages analysis as it is not listed as a punitive damages factor in Section 11-1-65(e) of the Mississippi Code."

The plaintiff counters that such evidence is relevant because "evidence that certain employees' compensation was based upon environmental savings and reduced environmental expenditures is extremely relevant to whether or not Defendants' employees used reasonable care with respect to their environmental practices and policies, i.e., their negligence in that regard. Moreover, there will be substantial evidence at trial that certain corporate officers and directors of Defendants, facing substantial environmental liabilities, raided tens of millions of Defendants' available cash which was needed to implement appropriate environmental waste management and pollution control practices. This is relevant to both compensatory and punitive damages." With

regard to the defendants' punitive damages argument, the plaintiff points out that Mississippi Code Annotated § 11-1-65(c)'s list of factors to consider for punitive damages is not exhaustive.

The court concludes that the defendants' arguments for exclusion of evidence regarding dividends, salaries, and bonuses as irrelevant and prejudicial are unconvincing. Such evidence appears relevant and though prejudicial, it does not appear unfairly prejudicial.

**G. Parent and Sister Companies**

Defendants argue for exclusion of "Any reference, testimony or comments regarding Beazer's parent or sister companies, including but not limited to the Hanson entities and Three Rivers Management. None of these companies are defendants in this matter and, therefore, any reference to these companies or their affiliation with Beazer is irrelevant and prejudicial." Such a motion in limine is too broad, unspecific, and unsupported by mandatory authorities. Therefore, the motion should be denied.

**H. Privileged/Redacted Documents**

The defendants move to exclude "Any reference to or comment about Defendants' letters, correspondence, or other documents protected by attorney-client privilege or the work-product doctrine, or documents that have been redacted." The plaintiff counters that this request is unspecific and overly broad. The court agrees, given that no specific document has been referenced. Therefore, the motion should be denied as premature. Counsel will have the opportunity to revisit this motion in the event the issue comes up during trial.

**I. Number of Attorneys/Attorney Offices**

Defendants seek to exclude "Any references to the size of defense counsels' law firm or the number of attorneys retained by Defendants in this case. Plaintiff's reference to the size of defense

counsel's law firms is not probative of any issue, but is an appeal to sympathy or to class prejudice and is therefore unfairly prejudicial to Defendants. Further, references to the location of defense counsels' offices is similarly prejudicial and should be prohibited."

Having considered the plaintiff's arguments to the contrary, the court concludes that the motion should be granted insofar as such evidence might be used to intimate prejudice against large corporate law firms, businesses from out-of-state, etc. Practically speaking, however, the plaintiff may make reference to any attorney that has been involved in this case in the event such reference is reasonably related to the issue at hand and is not a veiled attempt to unfairly prejudice the defendants.

**J. Alleged Non-Production of Documents**

The defendants argue that: "Any testimony or comments regarding Defendants' alleged late or non-production of documents should be barred because they are irrelevant ... Plaintiff has no evidence or testimony that defendants had a legal obligation to maintain documents created decades ago, or that defendants' document retention policies failed to comply with applicable regulatory requirements. Furthermore, such evidence would induce the jury to decide the case on improper grounds. As such, the evidence should be barred because its probative value is outweighed by the dangers of unfair prejudice, confusion of the issues, and misleading [to] the jury."

After consideration of the parties' arguments, the court concludes that this motion in limine should be denied as premature.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendants' Motion in Limine to Bar Various Irrelevant and Prejudicial Evidence [863-1] is **GRANTED IN PART AND DENIED IN PART** as outlined above.

**SO ORDERED** this the 3rd day of April, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE