# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**FRED BECK; ET AL.,**                                                              **PLAINTIFFS,**
(Sherrie Barnes)

**VS.**                            **CIVIL ACTION NO. 3:03CV60-P-D**

**KOPPERS, INC., f/k/a KOPPERS INDUSTRIES, INC.;**
**ET AL.,**                  **DEFENDANTS.**

### CONSOLIDATED WITH

**HOPE ELLIS, ET AL.,**                                **PLAINTIFFS,**

**VS.**                **CIVIL ACTION NO. 3:04CV160-P-D**

**KOPPERS, INC., f/k/a KOPPERS INDUSTRIES, INC.;**
**ET AL.,**            **DEFENDANTS.**

### ORDER

This matter comes before the court upon Koppers, Inc.'s Motion in Limine to Bar Plaintiff from Referring to Defendants Collectively or Introducing Evidence as to Koppers Prior to October 1988 [852-1]. Upon due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

In the instant motion, Defendant Koppers, Inc. f/k/a Koppers Industries, Inc. moves the court to (1) bar the plaintiff from referring to the defendants collectively (*i.e.*, Koppers, Inc.; Beazer East, Inc., and Illinois Central Railroad Company) as to any evidence that applies to only one party; and (2) exclude any evidence as to Koppers, Inc. prior to its corporate inception in October 1988 and its acquisition of the subject Grenada wood-treatment plant on December 29, 1988.

Having considered the briefs, the court concludes that the motion should be granted with regard to the first request but denied as to the second request.

The court agrees with the plaintiff's position that pursuant to *Paradise Corp. v. Amerihost Development, Inc.*, 848 So.2d 177 179-81 (Miss. 2003) and *Mozingo v. Correct Mfg.*, 752 F.2d 168, 174 (5th Cir. 1985), the "continuity of enterprise" doctrine renders Koppers, Inc. liable for the pre-1998-acquisition liabilities of Koppers Company, Inc., now known as Beazer East, Inc.

In 1944 Koppers Company, Inc. acquired the subject Grenada plant. In 1988 Beazer PLC purchased all of Koppers Company, Inc's stock due to an interest in the company's construction materials and services operations. Later that same year, Beazer PLC sold Koppers Company, Inc.'s chemical *assets* (but not the stock), including the wood treating divisions to Koppers Industries, Inc. for $235 million, financed by Koppers Industries (1/3), Beazer, Inc. (1/3) and Koppers Australia (1/3) an entity half-owned by Koppers Industries.

"The general rule states that a corporation which acquires the assets, but not the stock of another corporation, is not obligated for the liabilities of the acquired corporation." *Paradise Corp. v. Amerihost Development, Inc.*, 848 So.2d 177, 179 (Miss. 2003) "Four exceptions to this rule have been carved out by this Court where: (1) the successor expressly or impliedly agrees to assume the liabilities of the predecessor; (2) the transaction may be considered a de facto merger; (3) the successor may be considered a 'mere continuation' of the predecessor; or (4) the transaction was fraudulent." *Id*. (citing *Mozingo v. Correct Mfg.*, 752 F.2d 168, 174 (5th Cir. 1985)). The plaintiff argues that the "mere continuation" exception to the general rule applies.

With regard to the "mere continuation" exception, "[t]he traditional rule states that a corporation is not to be considered a continuation of a predecessor unless, after the transfer of assets,

2

only one corporation remains, and there is an identity of stock, shareholders, and directors between the two corporations." *Paradise Corp.*, 848 So.2d at 180 (citing *Mozingo*, 752 F.2d at 174-75).

One deviation from the traditional rule that if both the predecessor and successor corporations remain then there is no successor liability under the "mere continuation" exception is called the "continuity of enterprise" theory, "where we consider assessing if the successor benefits from the goodwill of a predecessor's product without sharing the liabilities. This theory considers the traditional factors as well as other factors such as: (1) retention of the same employees; (2) retention of the same supervisory personnel; (3) retention of the same production facilities in the same physical location; (4) production of the same product; (5) retention of the same name; (6) continuity of assets; (7) continuity of general business operations; and (8) whether the successor holds itself out as the continuation of the previous enterprise." *Id.* at 180 (citing *Mozingo*).

In *Paradise*, the Mississippi Supreme Court recognized that (1) Paradise retained the same supervisory personnel; (2) Paradise was still located in the same cities and same buildings; (3) Paradise was still in the same business as its predecessor selling the same pool and spa equipment and the same services; (4) the name Paradise was still used; and (5) Paradise still held itself out as Paradise Pools and Spas. The Court concluded in *Paradise* that "[a] wealth of evidence exists to prove that Paradise is exploiting the goodwill of Paradise Pools and Spas for the attendant benefits and yet wants to avoid the liabilities. We conclude that Paradise is a mere continuation of Paradise Pools and Spas and would be unjustly enriched if it is allowed to keep the [money owed by the predecessor]." *Paradise*, 848 So.2d at 181.

As stated above, the court concludes that Koppers, Inc. f/k/a Koppers Industries, Inc. is liable for Koppers Company, Inc. n/k/a Beazer East, Inc.'s pre-1988-acquisition environmental liabilities

3

under the "continuity of enterprise" theory. Like the situation in *Paradise*, the successor and predecessor in this case use the same operative name, "Koppers"; the successor is clearly located in the same city and facility; the successor share the some of same employees; and the successor conducts the same business of treating wood with pentachlorophenal and creosote. Like the conclusion in *Paradise*, there is more than adequate evidence demonstrating that Koppers, Inc. is attempting to use the good will of the Koppers name, *i.e.*, Koppers Company, Inc., for the benefits created by the Koppers Company, Inc. while attempting to avoid its liabilities.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Koppers, Inc.'s Motion in Limine to Bar Plaintiff from Referring to Defendants Collectively or Introducing Evidence as to Koppers Prior to October 1988 [852-1] is **GRANTED IN PART AND DENIED IN PART**; specifically,

(2) The motion is granted insofar as the plaintiff may not refer to the defendants collectively during trial regarding evidence that only applies to one of them; whereas,

(2) The motion is denied insofar as the plaintiff is not barred from referring to Koppers, Inc. f/k/a Koppers Industries, Inc. as successor to the environmental liabilities associated with the Grenada plant to Koppers Company, Inc. n/k/a Beazer East, Inc.

**SO ORDERED** this the 7th day of April, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE