# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### WESTERN DIVISION

KENESHA BARNES, ON BEHALF
OF THE ESTATE OF SHERRIE
BARNES,                                                                    PLAINTIFF,

VS.                                                        CIVIL ACTION NO. 3:03CV60-P-D

KOPPERS, INC., F/K/A KOPPERS
INDUSTRIES, INC.; BEAZER EAST, INC;
ILLINOIS CENTRAL RAILROAD
COMPANY,                                                                    DEFENDANTS.

## ORDER

This matter comes before the court upon Defendants' motion in limine regarding other plants, other lawsuits, other plaintiffs, and other alleged injuries [861-1]. Upon due consideration of the motion and the responses filed thereto, the Court finds as follows, to-wit:

The defendants are correct that the Court has stated in a prior Order that the primary issues in the present matter are (1) whether the defendants caused pollution to come into contact with Sherrie Barnes and, if so, (2) whether that pollution caused her breast cancer. Although these are the primary issues, they are not the only issues relevant to this case. Obviously, there are sub-issues, as it were, relevant to establishing the answer to the primary issues. The primary issues are not to be considered in a vacuum. Any evidence that is relevant and not otherwise inadmissible under the Federal Rules of Evidence in relation to the plaintiff's claims of negligence, gross negligence, conspiracy is fair game. With this in mind, the court will consider the defendants' arguments in turn.

1

1. Other Wood-Treatment Plants

Koppers argues that evidence regarding their other plants is irrelevant, prejudicial, and would cause confusion amongst the jury. Sherrie Barnes was only exposed to the Grenada plant and her experts only opined regarding the Grenada plant. Furthermore, the defendants maintain that any evidence of out-of-state conduct cannot be used to support the plaintiff's punitive damages claim pursuant to *State Farm Mutual Auto Insurance Company v. Campbell*, 538 U.S. 408, 421 (2003).

The plaintiff counters that evidence of the environmental practices at the defendants' other plants is highly relevant to her case because the evidence shows the defendants' knowledge of their standard of care. This is because the environmental decisions and expenditures were made at the corporate level which derived not only from the Grenada plant but also from their other wood-treatment plants around the country. The plaintiff points to three specific documents referring to not only the environmental practices at the Grenada plant but also at their other facilities. These documents include: (1) the 1975 Goyden study which indicates *inter alia* that covering treated wood significantly reduced emissions at the Susquehanna wood-treatment plant – this study having been carbon-copied to Batchelder and Campbell (both of whom became owners of Koppers after 1988); (2) the KU Resources study regarding the Superior facility and the North Little Rock facility in which Robert Smith of KU Resources is critical of the defendants' reporting practices at the Grenada facility in light of data obtained at other facilities within the control of the defendants – the study also states that information obtained by the defendants at their other plants was used to limit dioxin studies at Grenada; and (3) the Keystone Environmental (owned by Koppers) correspondence which discusses the defendants knowledge of waste water associated with pentachlorophenal and states that "at Montgomery and Grenada, this issue is to be addressed internally. No discussion with regulators

2

should take place and sampling should be minimized. All recommendations for dioxin sampling and analysis at Koppers should be sent to me."

This evidence, the plaintiff argues, demonstrates that Koppers/Beazer East at the corporate level had knowledge of their standard of care and did not conform to those standards at the Grenada plant. The plaintiff argues that such evidence is also relevant under Fed. R. of Evid. 406 which provides in pertinent part that "[e]vidence of the ... practices of an organization ... is relevant to prove that the conduct of the ... organization ... on a particular occasion was in conformity with the habit or routine practice."

The defendants counter that the plaintiff's claims involve only the Grenada plant and the discovery conducted in this case has largely concerned only the Grenada plant. The defendants argue that the plaintiff's reliance on Rule 406 is misplaced because the plaintiff is attempting to use the evidence of other plants not for routine or habit but rather for knowledge.

Having considered the matter, the court concludes that the aforementioned documents – *i.e.*, the Goyden study, the KU Resources study, and the Keystone Environmental correspondence – are relevant to the issue of knowledge. Koppers/Beazer East's knowledge of their environmental standards of care is obviously relevant to the plaintiff's claims in this case. Thus, the defendants' motion to exclude any reference to their other plants is denied insofar as the plaintiff may offer evidence that is reasonably related to illustrating Koppers/Beazer East's knowledge of environmental standards of care at their wood-treatment facilities as such evidence relates to the Grenada plant. This is not to say, however, that the plaintiff may offer evidence of any kind regarding different plants. Rather, this ruling is confined only to the Goyden study, the KU Resources study, and the Keystone Environmental correspondence and how such evidence relates specifically to the Grenada plant. Any

other evidence regarding other plants must be approved prior to admission and must be relevant to the issue of corporate knowledge of environmental standards of care at the Grenada plant and not used simply to demonstrate wrongful acts at other plants.

Furthermore, pursuant to *State Farm Mutual Auto Insurance Company v. Campbell*, 538 U.S. 408, 421 (2003), the plaintiff may not use evidence of wrongful conduct at out-of-state plants to support her punitive damages claim. The Court wrote in *Campbell:*

> A defendant's dissimilar acts, independent from the acts upon which liability was premised, may not serve as a basis for punitive damages. A defendant should be punished for the conduct that harms the plaintiff, not for being an unsavory individual or business. Due process does not permit courts, in the calculation of punitive damages, to adjudicate the merits of other parties' hypothetical claims against a defendant under the guise of the reprehensibility analysis ....

*Id*. at 422-23. This language might beg the question in this case how one can admit evidence of practices at other Koppers plants in the plaintiff's case-in-chief and yet un-ring the bell with regard to punitive damages. The answer is that evidence like the Goyden study, the KU Resources study, and the Keystone Environmental correspondence, if properly confined to its relevance to the Grenada plant, goes to corporate knowledge which supports the plaintiff's claims of negligence, gross negligence, and conspiracy. Evidence so limited must not concentrate on wrongful acts at plants other than that at Grenada. If it does, such evidence would improperly go to punitive damages. In other words, the court will admit limited evidence of practices at other plants insofar as it shows corporate knowledge of standards of care at the Grenada plant. The court will not admit evidence that tends to concentrate on wrongful acts at other plants. In the event the case proceeds to the punitive damages stage, no evidence of wrongful acts at other plants will be allowed so as to avoid confusion. The parties should submit an instruction limiting the evidence as discussed above.

4

2. Other Lawsuits, Claims, and Injuries

The defendants argue that evidence of other lawsuits, claims, and alleged injuries in the Carver Circle area – including those in relation to the other eleven plaintiffs in this case and the 948 plaintiffs in *Ellis, et al. v. Koppers, Inc. et al.*, currently consolidated with this case – is irrelevant and should be excluded because such evidence's probative value is substantially outweighed by considerations of unfair prejudice, undue delay, waste of time, and needless presentation of cumulative evidence under Fed. R. Evid. 403. Defendants argue further that third-party allegations contained in a pleading or summaries of other lawsuits offered as substantive evidence is inadmissible hearsay under Rules 801(c) and 802. Regarding other injuries, the defendants urge that other than anecdotal information, admissible and reliable evidence of injuries allegedly sustained by other people in the Carver Circle area has not been properly developed. However, the defendants wish to admit evidence of Kay Hobbs's breast cancer, Sherrie Barnes's sister and the second plaintiff in this case, to show a positive family history of breast cancer.

The plaintiff argues that the Federal Rules of Evidence allow evidence of other lawsuits and claims for various evidentiary purposes, including causation and defendants' knowledge of a dangerous condition. She also argues that evidence of subsequent acts may be admissible to show causation and to rebut the opponent's position. The plaintiff urges further that if the defendants are allowed to offer evidence of Kay Hobbs's breast cancer to show a family history of breast cancer, they should be allowed to rebut this with other illnesses and other lawsuits.

After consideration of the parties' positions, the court concludes that evidence of other lawsuits, claims, and injuries is irrelevant to this case and therefore inadmissible. Evidence of Kay Hobbs's breast cancer, however, is relevant and admissible to suggest a family history of breast

cancer. The plaintiff may rebut this suggestion during cross but may not cite to other alleged injuries of other people in the neighborhood.

Moreover, the Court agrees that the jury should not see a caption evidencing other claims and plaintiffs. The Court therefore instructs the parties to redact any exhibits containing any other caption except that used above.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendants' motion in limine regarding other plants, other lawsuits, other plaintiffs, and other alleged injuries [861-1] is **GRANTED IN PART AND DENIED IN PART** as explained above.

**SO ORDERED** this the 11th day of April, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE