IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

KENESHA BARNES, ON BEHALF
OF THE ESTATE OF SHERRIE
BARNES,                                                                                    PLAINTIFF,

VS.                                                         CIVIL ACTION NO. 3:03CV60-P-D

KOPPERS, INC., F/K/A KOPPERS
INDUSTRIES, INC.; BEAZER EAST, INC;
ILLINOIS CENTRAL RAILROAD
COMPANY,                                                                                DEFENDANTS.

# ORDER

This matter comes before the court upon Koppers, Inc.'s motion for reconsideration and/or clarification of the court's April 7, 2006 Order denying in part and granting in part Koppers, Inc.'s motion in limine to bar plaintiff from referring to defendants collectively or introducing evidence as to Koppers, Inc. prior to October 1988, or, in the alternative, motion for certification of issue of interlocutory appeal [963-1]. Upon due consideration of the motion, the court finds as follows, to-wit:

The motion should be granted insofar as it seeks a clarification of the court's April 7, 2006 Order in which the court concluded, *inter alia*, that Koppers, Inc. is liable for pre-1988 liabilities at the subject Grenada plant under the mere continuation and continuity of enterprise doctrines. The defendant argues once again that the Mississippi Supreme Court in *Paradise Corp. v. Amerihost Development, Inc.*, 848 So.2d 177 179-81 (Miss. 2003) held that successor liability is unavailable when the predecessor corporation still exists. The defendant is mistaken in its analysis. Though the Court in *Paradise* ruled that such is the "traditional rule," the Court goes on to say that there are "deviations" from that "traditional rule" including "the product line

theory" and the "'continuity of enterprise' theory." *Id*. at 180. The Court in *Paradise* expressly adopted the continuity of enterprise theory. *Id*.

In its April 7, 2006 Order, this court ruled that the "continuity of enterprise" exception to the traditional rule that the predecessor corporation has to be dissolved to activate the mere continuation theory regarding successor liability applied in this case.

The defendants' motion for an interlocutory appeal should be denied since the court is of the opinion that there are not substantial grounds for a difference of opinion regarding the court's interpretation of *Paradise*.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Koppers' motion for reconsideration, clarification, or certification for interlocutory appeal [963-1] is **GRANTED IN PART AND DENIED IN PART** as explained above.

**SO ORDERED** this the 11th day of April, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE