IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

KENESHA BARNES, ON BEHALF
OF THE ESTATE OF SHERRIE
BARNES,                                                                                          PLAINTIFF,

VS.                                                                      CIVIL ACTION NO. 3:03CV60-P-D

KOPPERS, INC., F/K/A KOPPERS
INDUSTRIES, INC.; BEAZER EAST, INC;
ILLINOIS CENTRAL RAILROAD
COMPANY,                                                                                     DEFENDANTS.

**ORDER**

This matter comes before the court upon Koppers' motion in limine to bar evidence and testimony of a prior criminal conviction regarding an Alabama coke and by-product plant [864-1]. Upon due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

In 2002, Koppers plead guilty in the United States District Court for the Northern District of Alabama to: (1) aiding and abetting the knowing discharge of a pollutant in violation of the Clean Water Act; (2) aiding and abetting the knowing emission of hazardous pollutants in violation of the Clean Air Act; and (3) aiding and abetting the making of a false statement of the Clean Water Act. These convictions regarded Koppers' behavior at their Alabama coke and by-product plant. Koppers avers that they terminated the employee responsible for those convictions.

Koppers now moves to exclude these convictions, arguing that they are irrelevant in this case,

1

their probative value is substantially outweighed by the danger of unfair prejudice, they cannot be used to impeach them under Fed. R. Evid. 609(a), and they cannot be offered to support the plaintiff's claim for punitive damages.

Having considered the parties' arguments, the court concludes as follows. Though the convictions appear relevant because they make the existence of the fact of a corporate practice of violating the same federal environmental regulations that apply at the Grenada plant more probable, the probative value of the evidence would be substantially outweighed by unfair prejudice and jury confusion.

Furthermore, the evidence's relevance makes it inadmissible as conformity evidence under Fed. R. Evid. 404(b). Rule 404(b) provides in pertinent part that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show conformity therewith."

Rule 404(b) allows exceptions when the evidence will be used "for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." The plaintiff maintains that the evidence will show "Koppers' corporate strategy and plan of deceptive and dilatory environmental compliance and practice of disposing treatment waste with no regard for public health and safety, all of which are involved in this case." This language clearly evinces a desire to admit the evidence to show conformity – *i.e.*, since the defendants were convicted for violating federal environmental regulations at their Alabama plant, they also violated federal regulations at their Grenada plant. The plaintiffs have not met their burden in demonstrating that the evidence would be offered for one of the proper purposes under Rule 404(b).

The plaintiff argues that evidence of convictions should be admitted under Rule 609(a) as

impeachment evidence in the event Koppers opens the door during trial by claiming that they complied with all environmental regulations. Koppers counters (a) since the employee responsible for the convictions was terminated, there will be no witness whose credibility can be impeached under Rule 609(a) since a given employee of a corporation cannot be impeached by a wrongful act committed by another corporate employee under Rule 609, citing *Walden v. Georgia Pacific Corp.*, 126 F.3d 506, 522-23 (3d Cir. 1997); and (b) even if Koppers were to argue that it complied with all MDEQ and USEPA regulations at the Grenada plant, Koppers would not be opening the door to the Alabama convictions because the events in Alabama are irrelevant to this case.

The court is convinced by the Third Circuit's reasoning in *Walden* that it is unfairly prejudicial to attempt to impeach a given corporate witness's credibility with evidence of a prior crime in which that witness played no part. Moreover, the court agrees that Koppers will not be opening the door for impeachment with the Alabama conviction by alleging they complied with federal regulations at the Grenada plant. If, however, they claim that they always conform with federal regulations with regard to any other plant but that in Grenada, the door will be opened and the court will allow the Alabama convictions to come in as impeachment evidence.

Finally, given the conclusions above, the evidence of the Alabama convictions cannot be used for punitive damages pursuant to Rules 403 and 404 and *State Farm Mutual Auto Insurance Company v. Campbell*, 538 U.S. 408, 421-23 (2003).

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Koppers' motion in limine to bar evidence and testimony of a prior criminal conviction regarding an Alabama coke and by-product plant [864-1] is **GRANTED**; thus,

(2) The plaintiff may not offer evidence or testimony or otherwise refer to Koppers's 2002

Alabama convictions unless Koppers opens the door to impeachment evidence by claiming they have complied with all environmental regulations at any plant other than that in Grenada.

**SO ORDERED** this the 11th day of April, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE