IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

KENESHA BARNES, ON BEHALF
OF THE ESTATE OF SHERRIE
BARNES,                                                                                    PLAINTIFF,

VS.                                                             CIVIL ACTION NO. 3:03CV60-P-D

KOPPERS, INC., F/K/A KOPPERS
INDUSTRIES, INC.; BEAZER EAST, INC;
ILLINOIS CENTRAL RAILROAD
COMPANY,                                                                              DEFENDANTS.

## CLARIFICATION OF ALTERNATIVE SOURCES RULING

This matter comes before the court *sua sponte* in relation to the court's prior ruling made in its February 2, 2006 Order granting the plaintiff's motion in limine to exclude testimony regarding alternative sources of contamination such as backyard barrel burning. Upon consideration of apparent misunderstandings of the court's February 2, 2006 order during the first week of trial, the court clarifies its ruling as follows, to-wit:

As explained in more detail in its February 2, 2006 Order, the court has concluded that one cannot properly rebut scientific expert opinions that are required to pass (and have passed) FRE 702 muster with non-scientific speculation. It is true that the burden of proof rests upon the plaintiff to prove what caused the plaintiff's breast cancer. It is also true that the defendants do not have the burden to disprove the plaintiff's theory. However, what slightly changes the allocation of the burden of proof regarding alternative sources of contamination is FRE 702. This is because one of the policies behind FRE 702 is to avoid speculation on matters that necessarily require scientific experts.

In its February 2, 2006 Order, the court granted the plaintiff's motion in limine to exclude

1

evidence of alternative sources insofar as the defendants could not offer testimony or evidence of alternative sources simply because they did not do their own research regarding same. That same Order allowed that "The defendants may ask the plaintiff's experts if they considered alternative sources of contamination during cross-examination without the defendants elaborating on the specific alternative sources or their own theories regarding same."

The court now clarifies this ruling by stating that during cross-examination of one of the plaintiff's experts whose testimony is germane to cancer causation, the defendants are confined to inquiring whether that expert considered alternative sources specifically or generally. The defendants are confined to cross-examination regarding evidence already considered by the expert. If defense counsel were allowed to bring in extraneous evidence – *i.e.*, evidence not part of the expert's report or ultimate opinions – during cross, then defense counsel would be improperly testifying as an expert himself.

Stated differently, the defendants may ask a causation expert whether he considered a given alternative source, but the inquiry is limited to the expert's answer. For example, if the defendant asks an expert whether he considered cigarette smoking as an alternative source of dioxin, the expert can say either yes or no. If the expert says no, then the inquiry regarding cigarettes stops. If the expert says yes, then the defendant can cross-examine the expert specifically about how he considered cigarette smoking and why he discounted cigarette smoking. Again, however, the defendant may only refer to evidence considered by the expert, not extraneous evidence that has not passed FRE 702 muster.

**SO ORDERED** this the 21st day of April, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE