# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

| | |
|---|---|
| **FRED BECK; ET AL.,** | **PLAINTIFFS,** |
| VS. | **CIVIL ACTION NO. 3:03CV60-P-D** |
| **KOPPERS, INC., f/k/a KOPPERS INDUSTRIES, INC.; ET AL.,** | **DEFENDANTS.** |

**CONSOLIDATED WITH**

| | |
|---|---|
| **HOPE ELLIS, ET AL.,** | **PLAINTIFFS,** |
| VS. | **CIVIL ACTION NO. 3:04CV160-P-D** |
| **KOPPERS, INC., f/k/a KOPPERS INDUSTRIES, INC.; ET AL.,** | **DEFENDANTS.** |

## ORDER

This matter comes before the court upon the plaintiffs' *ore tenus* motion to transfer venue from the Western Division to the Greenville Division made on or about May 1, 2006 during the trial of Plaintiff Kenesha Barnes's claims. Upon due consideration of the motion and the defendants' objections thereto made previously in their December 2, 2004 Motion to Return this Matter for Trial in the Western Division, the court finds as follows, to-wit:

*Beck, et al. v. Koppers, Inc., et al.*, Cause Number 3:03cv60, originally involved 110 plaintiffs and was filed on March 20, 2003 in the Western Division of the Northern District of Mississippi. As is customary, the court initially set the trial to occur at the undersigned's duty station, Greenville, Mississippi, which resides in the Greenville Division of the Northern District of Mississippi. On March 16, 2005, the court granted the defendants' Motion to Return this Matter for

1

Trial in Western Division, thereby resetting the trial to occur in the U.S. Courthouse in Oxford, Mississippi.

On April 18, 2005, the court severed the claims of 98 of the 110 plaintiffs and ordered that the claims of the remaining 12 would be tried separately. Since the court was faced with one trial when it granted the defendants' Motion to Return this Matter for Trial in Western Division, the court made it known to the parties after the order setting 12 separate trials that the last 10 trials would occur in Greenville, Mississippi.

Though the parties had requested five to six weeks for trial, the court tried the first trial involving the claims of Plaintiff Kenesha Barnes on behalf of the Estate of Sherrie Barnes in Oxford for just over three weeks – *i.e.*, from April 17, 2006 to May 5, 2006 for the compensatory damages phase and from May 11-12, 2006 for the punitive damages phase. At or near the end of the compensatory damages phase, the plaintiff's made an *ore tenus* motion to transfer the venue of the second trial to Greenville as the court had already done with the last 10 trials. The defendants relied on their arguments in their original Motion to Return this Matter for Trial in Western Division in opposition to the request.

Having experienced the first three-week trial, the court concludes that the motion to transfer all of the remaining 11 cases back to Greenville should be granted. Title 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Though the language "the convenience of parties and witnesses, in the interest of justice" might suggest otherwise, "it is well established that the interest of justice is a factor to be considered on its own and an important one and that the interest of justice may be decisive in ruling on a transfer

motion...." 15 Fed. Prac. & Proc.2d § 3854 (citing *e.g.*, *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 222 (7th Cir. 1986) ("The 'interest of justice' analysis relates, then, to the efficient functioning of the courts, not to the underlying dispute.").

The reasons weighing in favor of transfer follow. With regard to the convenience of the parties and witnesses, it is only 25 miles farther to Greenville from Grenada (home of the subject wood-treatment plant and the plaintiffs) than from Grenada to Oxford. Unlike Oxford, there is an airport in Greenville for the parties' experts and accommodations are more readily available in addition to costing less than those in the busy college-town of Oxford. Furthermore, it is just as easy to reach Greenville by car as it is to reach Oxford.

There are five factors weighing in favor of transfer with regard to § 1404(a)'s interest of justice factor. First, 28 U.S.C. § 1393, the divisional venue statute, was repealed in 1988 as part of the Judicial Improvements and Access to Justice Act. Second, as mentioned above, the court would have been far more reluctant to grant the defendants' Motion to Return this Matter for Trial in Western Division had it known the case would be separated into twelve separate trials. Furthermore, since the court's original transfer order, the court consolidated the case of *Ellis, et al. vs. Koppers, Inc. et al.*, Cause Number 3:04cv160 with the instant case, thereby adding 948 additional plaintiffs. It is highly burdensome and inefficient for the court to try twelve (possibly more) 3-to-6-week trials 145 miles away from its duty station. Fourth, given there is only a 25 mile difference between holding a trial in Greenville versus Oxford, trying twelve 3-to-6-week trials in Oxford poses an unreasonable burden on the tax-payers who have to pay the undersigned and his law clerks, secretary, courtroom deputy, and court reporter thousands of dollars for mileage, meals, and hotel accommodations. Fifth, since the instant motion does not involve transfer of venue from one district

to another but rather from one division to another, the only practical difference between trying the case in Greenville or Oxford is the jury pool given that in either event the parties will retain the same judge. The defendants have proffered no clear and convincing evidence that there is any difference between the quality of a jury in Greenville as opposed to one in Oxford. *See In re Horseshoe Entertainment*, 305 F.3d 354, 358 (5th Cir. 2002) (possibility of prejudice, such as larger verdicts, in one district or another must be established by clear and convincing evidence; vague and indefinite circumstances will not suffice). Finally, it is also unduly burdensome on the Greenville courthouse to be without a district judge for twelve 3-to-6-week periods 145 miles away since there would be no district judge to attend to emergency or criminal matters that inevitably arise in the course of the court's business.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) The plaintiffs' *ore tenus* motion to transfer the remaining 11 separate trials in this matter is hereby **GRANTED**; therefore,

(2) All remaining trials in this matter will be held at the U.S. Courthouse in Greenville, Mississippi.

**SO ORDERED** this the 17th day of May, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE