**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

FRED BECK, et al.
(Sherrie Barnes)                                                                                    PLAINTIFFS

vs.                                                                              CIVIL ACTION NO. 3:03CV60-P-D

KOPPERS, INC., F/K/A KOPPERS
INDUSTRIES, INC.; BEAZER EAST, INC;
ILLINOIS CENTRAL RAILROAD
COMPANY                                                                                              DEFENDANTS

**ORDER**

This matter comes before the court upon Plaintiff's Motion to Alter Judgment [1062-1]. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

The court concludes that the motion should be granted in part and denied in part.

The motion should be granted insofar as Plaintiff Sherrie Barnes requests the court to vacate its stay of execution of judgment contained in the Final Judgment (as to the claims of Sherrie Barnes only) entered on June 1, 2006 after a jury trial ending on May 11, 2006. After further consideration, the court concludes that nothing in Fed. R. Civ. P. 62(h) provides for staying a judgment pending an appeal. Although the Final Judgment in this instance was entered pursuant to Fed. R. Civ. P. 54(b) since it resulted from a jury's verdict in the first of twelve separate trials ordered in the same case, the text in Rule 62(h) refers to staying a judgment "until the entering of subsequent judgment or judgments," not appellate review. Indeed, the court finds it wholly inequitable and unreasonable to stay execution of the first judgment, and each successive judgment, until completion of all twelve trials. If the defendants wish to stay execution of judgment, they should look to Rule 62(d).

The motion should be denied insofar as Plaintiff Sherrie Barnes seeks an award of costs as

the "prevailing party" under Fed. R. Civ. P. 54(d). Rule 54(d) provides in pertinent part that "costs other than attorneys' fees should be allowed as of course to the prevailing party unless the court otherwise directs." Given the language "unless the court otherwise directs" contained in Rule 54(d), the decision of when and how to award costs rests within the discretion of the trial court.

Obviously, in cases wherein one party achieves total victory, that victor is the prevailing party with regard to Rule 54(d). However, in cases such as this wherein the plaintiff is only partially victorious, it is not as clear whether that plaintiff is entitled to costs. A review of the governing authorities yielded no clear rule.

In *Studiengesellschaft Kohle v. Eastman Kodak Co.*, 713 F.2d 128, 131 (5th Cir. 1983), the Fifth Circuit wrote that "[a] party who is partially successful also *can* be deemed a prevailing party. Consequently, a claimant who has obtained some relief *usually* will be regarded as the prevailing party even though he has not sustained all his claims." (emphasis added). This language does not set a bright-line rule that a plaintiff who is only partially successful automatically is entitled to costs. The possibility of apportionment can be seen in the Court's next statement in *Studiengesellschaft* that "[t]he case must be viewed as a whole to determine who is the prevailing party."

In *Jones v. Diamond*, 594 F.2d 997, 1028 (5th Cir. 1979), the court ruled that "[a] party who has obtained some relief *usually* will be regarded as the prevailing party even though he has not sustained all of his claim, although in some cases of this type the court will apportion costs among the parties." (quoting 10C Wright and Miller, Fed. Prac. & Proc. Civ. § 2667 ) (emphasis added). Like the situation in *Studiengesellschaft*, there is the absence of a bright-line rule.

The plaintiff cites *Hall v. State Farm Fire & Casualty Company*, 937 F.2d 210 (5th Cir. 1991) for the proposition that she should be awarded costs as a partially prevailing party. However, that

2

case is not on point because (1) the prevailing defendant won on all claims and (2) the court in that case provided no reason for not awarding the clearly prevailing party costs.

There is indeed authority for apportionment of costs. *See e.g., Jones, supra*; *Massachusetts Cas. Ins. Co. v. Forman*, 600 F.2d 481, 485 (5th Cir. 1979) (a judgment for costs for one party may be set off against a judgment for another in the same action); *Three-Seventy Leasing Corp. v. Ampex Corp.*, 528 F.2d 993 (5th Cir. 1976).

Thus, using the discretion expressly afforded by Rule 54(d) and implied by the Fifth Circuit in *Studiengesellschaft* and *Jones*, as well as the aforementioned authorities allowing for apportionment of costs, the court concludes that its original decision regarding costs was the correct one. First, since the plaintiff lost all of her claims against Illinois Central Railroad Company, the latter is clearly the prevailing party. Therefore, Illinois Central is entitled to the costs associated with the claims of Sherrie Barnes. Second, since the plaintiff lost six of her seven original claims against Koppers, Inc. and Beazer East, Inc., each of these parties should bear their own costs.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiff's Motion to Alter Judgment [1062-1] is **GRANTED IN PART AND DENIED IN PART** as explained above. The Final Judgment will be amended accordingly pending the court's ruling on the defendants' Renewed Motion for Judgment as a Matter of Law.

**SO ORDERED** this the 17th day of July, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE