# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### WESTERN DIVISION

**FRED BECK, et al.**
**(Sherrie Barnes)**                                               **PLAINTIFFS**

**vs.**                                    **CIVIL ACTION NO. 3:03CV60-P-D**

**KOPPERS, INC., F/K/A KOPPERS**
**INDUSTRIES, INC.; BEAZER EAST, INC;**
**ILLINOIS CENTRAL RAILROAD**
**COMPANY**                                      **DEFENDANTS**

## ORDER

This matter comes before the court upon Defendants Koppers, Inc. and Beazer East, Inc.'s Renewed Motion for Judgment as a Matter of Law or, in the Alternative, Motion for New Trial [1064-1]. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

After an approximately three-week jury trial, the jury returned a verdict for the plaintiff on her negligence claim against Defendants Koppers, Inc. and Beazer East, Inc., allotting twenty percent of liability to Koppers and eighty percent to Beazer East. The jury found for Defendant Illinois Central Railroad Company on the plaintiff's negligence claim and for all defendants on her conspiracy claim.

At the conclusion of the trial, Koppers and Beazer East moved for a judgment as a matter of law pursuant to Fed. R. Civ. P. 50. The court denied the motion. Koppers and Beazer now renew their motion for judgment as a matter of law, though the renewal is not based on any new evidence not already before the court during the hearing of their first motion. Koppers and Beazer move in the alternative for a new trial pursuant to Fed. R. Civ. P. 59 and for a remittitur of the money damages

the jury awarded.

## A. Judgment as a Matter of Law - Fed. R. Civ. P. 50

"Under Rule 50, a court should enter judgment as a matter of law when 'a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue.'" *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 149 (2000). "[I]n entertaining a motion for judgment as a matter of law, the court should review all of the evidence on the record. In doing so, however, the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Id*. As the Court in *Reeves* observed, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Id.* at 150. Though "the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe." *Id*.

The court has carefully considered Koppers and Beazer East's arguments for their Rule 50 motion twice. The court once again concludes that after drawing all reasonable inferences in favor of the plaintiff, while not making any determinations of the credibility or weight of the plaintiff's evidence, there was a sufficient evidentiary basis for the jury to have found for the plaintiff on the issue of negligence as to Koppers and Beazer East. This is true on the basis of the plaintiff's evidence alone and the defendants' cross-examination regarding same.

A further obstacle for Koppers and Beazer East's victory in their Rule 50 motion is that they chose not to put on any witnesses during the compensatory damages stage of the trial other than their general and specific causation expert, Dr. Thigpen. The decision whether to accept Dr. Thigpen's opinion or those of Drs. Sawyer and Dahlgren was exclusively in the province of the jury. The jury

chose to believe the plaintiff's experts regarding general and specific causation. This is a jury decision that this court may not properly overturn.

**B. Motion for a New Trial - Fed. R. Civ. P. 59**

Fed. R. Civ. P. 59 provides in pertinent part that "[a] new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States."

"It has been said that the general grounds for a new trial are that the verdict is against the weight of the evidence, that the damages are excessive, or that for other reasons the trial was not fair, and that the motion may also raise questions of law arising out of substantial errors in admission or rejection of evidence or the giving or refusal of instructions." 11 Fed. Prac. & Proc. Civ.2d § 2805; *see e.g.*, *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940).

Koppers and Beazer East argue that the court should grant a new trial because (1) the court erred in precluding evidence of alternative sources of contamination; (2) the court allowed some of the plaintiff's experts to offer new and previously undisclosed testimony; and (3) the court erred in giving an *Allen* instruction.

The court on two prior occasions ruled that the exclusion of the defendants' evidence of alternative sources of contamination – e.g., back-yard barrel burning, car exhaust, the nearby Heatcraft facility, car exhaust, etc. – was proper because said evidence was mere speculation and not based on reliable scientific opinions especially since the defense experts did not conduct their own scientific analysis. This conclusion was proper both regarding the defendants attempt to introduce expert testimony based on speculative opinions and defense counsel's attempt to bring out during

cross of the plaintiff's experts evidence of alternative sources of contamination.

The court ruled in an order clarifying its first ruling that the defendants could inquire of the plaintiff's experts whether they considered alternative sources of contamination, but the defendants were limited to that expert's answers. To allow defense counsel to discuss the defendants' own theories regarding alternative sources of contamination – theories that did not pass Rule 702 muster – would be tantamount to allowing an attorney to be an expert on speculative matters and circumvent Rule 702.

The defendants argued that it was not their burden to prove what caused the plaintiff's injuries, nor was it their burden to *dis*prove the plaintiff's theory. With regard to evidence that may only properly be introduced by a scientific expert (such as general and specific causation theories in toxic tort cases), the defendants' burden under Fed. R. Evid. 104(a) is to prove by a preponderance of the evidence that their proffered evidence is admissible. *See* Advisory Committee Notes to the 2000 Amendment ("[T]he admissibility of all expert testimony is governed by the principles of Rule 104(a). Under that Rule, the proponent has the burden of establishing that the pertinent admissibility requirements are met by a preponderance of the evidence. *See Bourjaily v. United States,* 483 U.S. 171 (1987)).

Indeed, the defendants have cited no case law or other any other authority that stands for the proposition that one can properly rebut evidence that satisfies the requirements of Fed. R. Evid. 702 and the *Daubert/Joiner/Kumho Tire* trilogy with non-scientific speculation. After a thorough search of case law and secondary sources, the court found no cases of its own supporting such a proposition, nor even a law review article. The cases are legion, however, that evidence must be excluded if based

on speculation or conjecture. *E.g., Lewis v. Parish of Terrebonne,* 894 F.2d 142 (5th Cir. 1990); *Bradley v. Brown*, 42 F.3d 434 (7th Cir. 1994) (cited 45 times for this proposition according to Westlaw's "Most Cited Cases" Custom Digest); *O'Conner v. Commonwealth Edison Co.*, 13 F.3d 1090 (7th Cir. 1994) (cited 30 times); *Tyger Const. Co., Inc. v. Pensacola Const. Co.*, 29 F.3d 137 (4th Cir. 1994) (cited 25 times); *Oglesby v. General Motors Corp.*, 190 F.3d 244 (4th Cir. 1999) (cited 14 times); *Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194 (4th Cir. 2001) (4 times); *J.B. Hunt Transport, Inc. v. General Motors Corp.*, 243 F.3d 441 (8th Cir. 2001) (4 times); *Dodge v. Cotter Corp.*, 328 F.3d 1212 (10th Cir. 2003) (3 times); *Elcock v. Kmart Corp.*, 233 F.3d 734 (3rd Cir. 2000); *Guidroz-Brault v. Missouri Pacific R. Co.*, 254 F.3d 825 (9th Cir. 2001) (2 times).

Koppers and Beazer East's arguments regarding new opinions offered by plaintiff experts, arguments the court already considered and rejected during trial, do not establish the necessity or propriety of a new trial.

The court reaches the same conclusion regarding the *Allen* charge given. Indeed, the *Allen* charge given was taken *verbatim* from the Fifth Circuit's decision in *Wilson v. Southern Farm Bureau Casualty Co.*, 275 F.2d 819, 822-23 (5th Cir. 1960) with the addition of two sentences contained in *Brooks v. Bay State Abrasive Products, Inc.*, 516 F.2d 1003, 1004 (5th Cir. 1975).

Accordingly, the court concludes that Koppers and Beazer East's motion for a new trial should be denied.

## C. Remittitur

The defendants argue for the remittitur of the following awards contained in the jury's compensatory damages verdict form: (1) $50,000 for the administration of the plaintiff's estate; (2)

$10,000 for funeral expenses; (3) $24,000 for past earnings; and (4) $96,000 for future earnings.

The plaintiff concedes in her response brief that "there is no record of the precise sums paid for the funeral of Sherrie Barnes or the administrator [sic] of her estate and that Dr. Smith [the plaintiff's economist] testified that Sherrie Barnes['s] future lost earnings totaled $91,521.20." However, the plaintiff points out that it was undisputed that the plaintiff's medical bills were $127,543.69 as opposed to the only $5,000 the jury awarded for them. Therefore, the plaintiff argues, "the jury's failure to award total compensation for Sherrie Barnes'[s] medical bills more than exceeds the amount the Defendants claim the jury incorrectly awarded."

"Damage awards which are merely excessive or so large as to appear contrary to right reason ... are subject to remittitur, not a new trial." *Brunnemann v. Terra International, Inc.*, 975 F.3d 175, 178 (5th Cir. 1992) (citing *Wells v. Dallas Indep. School Dist.*, 793 F.2d 679, 683 (5th Cir. 1986)). "A verdict is excessive as a matter of law if shown to exceed 'any rational appraisal or estimate of the damages that could be based upon the evidence before the jury.'" *Brunnemann*, 975 F.3d at 178.

The court concludes that a remittitur of $60,000.00 is appropriate in this case since it is undisputed that there was no evidence supporting the awards for funeral expenses or administration of the plaintiff's estate. The plaintiff has cited no authority for the proposition that the court can essentially swap out the undisputed medical bills of $127,543.69 (less the $5,000 awarded) for the unsupported awards of $50,000 for administration of the estate, $10,000 for funeral expenses. Indeed, a federal court may not increase damages above those awarded by a jury either directly or by additur. *Dimick v. Schiedt*, 293 U.S. 474 (1935); *Hawkes v. Ayers*, 537 F.2d 836, 837 (5th Cir. 1976); *Silverman v. Travelers Ins. Co.*, 277 F.2d 257, 264 (5th Cir. 1960).

Regarding the defendants' request for remittitur of the $24,000 the jury awarded for past earnings, or, more exactly, for "[l]oss of earnings from the date of death through the date of trial," the court concludes that the defendants waived such an objection by their own submissions. It was Koppers, Inc. and Beazer East, Inc. who submitted language dividing economic damages into past and future damages both in their own instruction KI-BEI No. 8A and in the verdict form they submitted. At the charge conference after the conclusion of proof, the defendants did not object to asking the jury to consider past and future economic damages. The plaintiff is correct that if anything is improper about the $24,000 awarded for ""[l]oss of earnings from the date of death through the date of trial," it was that said amount should have been around $84,000 given that Sherrie Barnes died in 1998 and trial was not held until 2006.

For the same reasons, the court concludes that the defendants' request for remittitur of $4,478.80 off of the $96,000.00 awarded for future earnings should be denied. Although the plaintiff's expert concluded such amount was $91,521.20 for *future* lost earnings, any confusion by the jury in deciding upon a number for past and future economic damages and dividing that number into two amounts – one for future earnings and one for "[l]oss of earnings from the date of death through the date of trial"– was the fault of the defendants' jury instruction KI-BEI 8A and the verdict form they submitted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Defendants Koppers, Inc. and Beazer East, Inc.'s Renewed Motion for Judgment as a Matter of Law or, in the Alternative, Motion for New Trial [1064-1] is **DENIED IN PART AND GRANTED IN PART**; specifically,

(2) The renewed motion for judgment as a matter of law is **DENIED**;

(3) The motion for a new trial is **DENIED**;

(4) The motion for remittitur is **GRANTED** as explained above; accordingly,

(5) An amended judgment will issue forthwith.

**SO ORDERED** this the 26t[th] day of July, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE