# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**HOPE ADAMS ELLIS, ET AL.,**                                 **PLAINTIFFS,**

**VS.**                                                    **CIVIL ACTION NO. 3:04CV160-P-D**

**KOPPERS INC., BEAZER EAST, INC.,
ILLINOIS CENTRAL RAILROAD
COMPANY, HANSON PLC, HANSON
HOLDINGS LTD., HANSON BUILDING
MATERIALS, INC., HANSON HOLDINGS
BASALT, INC., HANSON HOLDINGS
ARAGONITE, INC., HBMA HOLDINGS,
INC., THREE RIVERS MANAGEMENT,
INC., and JILL BLUNDON,**                                **DEFENDANTS.**

## MEMORANDUM OPINION

This matter comes before the court upon the United Kingdom Defendants Hanson PLC, Hanson Building Materials, Ltd., and Hanson Holdings Ltd.'s Motion to Dismiss for Lack of Personal Jurisdiction [61-1]. After due consideration of the motion and the responses filed thereto, the court is prepared to rule.

### I. FACTUAL BACKGROUND

Over 900 plaintiffs filed the instant toxic tort action on August 24, 2004 centered around their basic allegation that a wood-treatment facility in Grenada, Mississippi polluted their neighborhood and caused them personal injuries. On January 21, 2005 the court consolidated this action with another substantially identical action styled *Beck, et al. v. Koppers, Inc., et al.*, Cause Number

1

3:03CV60. In the *Beck* case the named defendants are Koppers, Inc., Beazer East, Inc., and Illinois Central Railroad Company. In this case, the plaintiffs levy claims against the same defendants in addition to several companies associated with the parent company Hanson PLC, a United Kingdom corporation. Some of these companies are American subsidiaries of Hanson PLC, while others are UK subsidiaries.

More specifically, according to the corporate chart, Beazer East, Inc. and Three Rivers Management, Inc. are both American companies. They are subsidiaries of the Hanson Holdings Basalt, Inc.(US) which is a subsidiary of Hanson Holdings Argonite, Inc. (US), a subsidiary of HBMA Holdings, Inc. (US). These American companies are subsidiaries of the UK company Hanson America Holdings (1) Limited. Between this company and Hanson PLC (UK) are several intermediate UK corporate entities, including Defendants Hanson Building Materials, Ltd. and Hanson Holdings Ltd..

Thus, the plaintiffs in this action are suing not only Beazer East, Inc. and Three Rivers Management, but also their three American parents, and three of their many UK parents for the actions of Beazer East, Inc. and Three Rivers Management.

Hanson PLC, Hanson Building Materials, Ltd., and Hanson Holdings Ltd., the UK company defendants in this action, seek dismissal pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. Essentially, the UK companies argue the absence of personal jurisdiction because (1) they have no contact with Mississippi or the United States other than ownership of stock; (2) the plaintiff's cannot pierce the corporate veils from Three Rivers Management, Inc. and Beazer East, Inc. all the way up through the American Hanson companies to the UK Hanson companies; and (3) no UK company committed a tort in Mississippi.

## II. DISCUSSION

**A. Rule 12(b)(2) Standards**

Federal Rule of Civil Procedure 12(b)(2) provides that before filing an answer, a defendant may move to dismiss for lack of personal jurisdiction.

Plaintiffs bear the burden to establish the court's jurisdiction. *Allred v. Moore & Peterson, P.C.*, 117 F.3d 278, 281 (5th Cir. 1997). In diversity cases, the district court "may exercise personal jurisdiction only to the extent permitted a state court under applicable state law." *Cycles, Ltd. v. W.J. Digby, Inc.*, 889 F.2d 612, 616 (5th Cir. 1989). "The state or federal court sitting in diversity may assert personal jurisdiction if (1) the state's long-arm statute applies, as interpreted by the state's court; and (2) if due process is satisfied under the fourteenth amendment to the United States Constitution." *Id.*

Mississippi's long-arm statute provides in pertinent part that:

> Any nonresident person, firm ... or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or **who shall commit a tort in whole or in part *in this state* against a resident or nonresident of this state**, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

Miss. Code Ann. § 13-3-57 (2002)(emphasis added).Pursuant to the tort prong, if a nonresident defendant commits a tort or an element thereof in Mississippi, then he is subject to personal jurisdiction of a Mississippi federal district court sitting in diversity. *Anderson v. Sonat Exploration Co.*, 523 So.2d 1024 (Miss. 1988). Even when a tort is committed only in part in Mississippi, the long-arm statute permits personal jurisdiction over a nonresident defendant. *Smith v. Temco, Inc.*,

252 So.2d 212, 216 (Miss. 1971). If tortious conduct occurring outside of the state causes injury or damage within the state, the nonresident defendant will also be subject to personal jurisdiction. *Wilkinson v. Mercantile Nat'l Bank of Dallas*, 529 So.2d 616, 618-619 (Miss. 1998).

With regard to the due process requirement, the Due Process Clause protects individuals from being bound by judgments of a forum with which they have had no meaningful contacts. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985). Due process will not be offended if the nonresident defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1985). The type of jurisdiction in which a suit arises out of or is related to the defendant's contacts with the forum is called "specific jurisdiction." *Helicopteros Nacionales de Columbia S.A. v. Hall*, 466 U.S. 408, 4314 n.8 (1984). "General jurisdiction" arises in instances "which the continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit against [a foreign defendant] on causes of action arising from dealings entirely distinct from those activities." *International Shoe*, 326 at 318; *Helicopteros*, 466 U.S. at 414 n. 9.

In the instant case, the plaintiffs urge the presence of specific jurisdiction. Thus, the plaintiffs must show that there is "some act by which the defendant purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 345, 253 (1958).

The UK Hanson companies argue that Mississippi's long-arm statute does not reach them, nor would exercise of personal jurisdiction comport with the Due Process Clause. They maintain they have done nothing to purposefully avail themselves of the privilege of conducting activities in

Mississippi and that the plaintiffs have sued them only because they are the parent company of the American subsidiary defendants.

**B. Personal Jurisdiction Based on the Alter Ego Doctrine**

Hanson PLC, Hanson Building Materials, Ltd., and Hanson Holdings Ltd. contend that the plaintiffs cannot demonstrate that the corporate veils of the UK companies should be pierced all the way up from Three Rivers Management and Beazer East, Inc., through the American Hanson companies, and finally through all of the UK companies to reach Hanson PLC for purposes of personal jurisdiction.

The plaintiffs counter that the American Hanson defendants, Three Rivers Management, and Beazer East, Inc. are simply the alter-egos of Hanson PLC and its UK subsidiaries.

"Courts have long presumed the institutional independence of related corporations, such as parent and subsidiary, when determining if one corporation's contacts with a forum can be the basis of a related corporation's contacts." *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 338 (5th Cir. 1999) (citing *Cannon Mfg. Co. v. Cudahy Packing Co.*, 267 U.S. 333 (1925)). Furthermore, "a foreign parent corporation is not subject to the jurisdiction of a forum state merely because its subsidiary is present or doing business there; the mere existence of a parent-subsidiary relationship is not sufficient to warrant the assertion of jurisdiction over the foreign parent." *Hargrave v. Fibreboard Corporation*, 710 F.2d 1154, 1159 (5th Cir. 1983)

However, "the presumption of corporate separateness ... may be overcome by clear evidence ... of one corporation asserting sufficient control to make the other its agent or alter ego." *Dickson*, 179 F.3d at 338. "[T]he burden of making a prima facie showing of such symbiotic corporate relatedness is on the proponent of the agency/alter ego theory." *Id*.

5

Furthermore, the plaintiffs in this case must pierce the veil at each corporate level. *Alpine View Company Ltd. v. Atlas Copco AB*, 205 F.3d 208, 218 (5th Cir. 2000).

The plaintiffs cite *North American Plastics v. Inland Shoe Manufacturing Co.*, 592 F.Supp. 875 (N.D. Miss. 1984) for the factors to be used in considering whether the corporate veil should be pierced for the purposes of personal jurisdiction based on the alter ego doctrine. Even though the Fifth Circuit more recently approved somewhat different factors in *Hargrave, supra* at 1160, this court concludes that the ten factors discussed in *North American Plastics* are just as relevant to the alter ego theory. This is practically appropriate since both parties have made arguments regarding these factors.

The factors cited in *North American Plastics* are:

> (1) The parent corporation owns all or a majority of the capital stock of the subsidiary. (2) The parent and subsidiary corporations have common directors or officers. (3) The parent corporation finances the subsidiary. (4) The parent corporation subscribes to all the capital stock of the subsidiary or otherwise causes its incorporation. (5) The subsidiary has grossly inadequate capital. (6) The parent corporation pays the salaries or expenses or losses of the subsidiary. (7) The subsidiary has substantially no business except with the parent corporation or no assets except those conveyed to it by the parent corporation. (8) In the papers of the parent corporation and in the statements of its officers, "the subsidiary" is referred to as such or as a department or division. (9) The directors or executives of the subsidiary do not act independently in the interest of the subsidiary but take direction from the parent corporation. (10) The formal legal requirements of the subsidiary as a separate and independent corporation are not observed.

592 F.Supp. at 878.

1. Amount of Stock Owned by the Parent of the Subsidiary

The plaintiffs urge that Hanson PLC indirectly owns all of Beazer East, Inc.'s stock. Hanson PLC counters that Hanson Holdings Basalt, Inc., one of its U.S. subsidiaries, owns the stock of Beazer East, Inc. and Three Rivers, not Hanson PLC.

The court finds that this factor weighs in favor of the UK Hanson defendants.

2. Common Officers and Directors

It is undisputed that neither Hanson PLC nor any of the other UK Hanson defendants have any directors or officers in common with Beazer East, Inc. or Three Rivers Management.

The court finds that this factor weighs in favor of the UK Hanson defendants.

3. Parent Corporation Finances the Subsidiary

The plaintiffs argue that Hanson PLC indirectly finances all Beazer East obligations through a $800 million insurance policy it purchased for Beazer East in 1998. The plaintiffs also point out that neither Beazer East nor Three Rivers generate income. Furthermore, Beazer East has no employees nor does it conduct any ongoing business. Hanson PLC pays the salaries, expenses, and losses of Beazer East through a "sweep account."

Hanson PLC counters that it does not finance the actions of Beazer East or Three Rivers Management. Rather, the sweep account involves only the US subsidiaries, not Hansen PLC. In any event, the UK companies argue that even if Hanson PLC did participate, the use of consolidated sweep accounts – where all cash is centralized in one bank account but where each corporation is given credit for its share of the cash – is not a factor that has any impact on veil piercing even with regard to the US entities. *Fletcher v. Alex, Inc.*, 68 F.3d 1451, 1459 (2d Cir. 1995).

The court finds that this factor tends to weigh in favor of the plaintiff.

7

### 4. The Parent Corporation Subscribes to All the Capital Stock of the Subsidiary or Otherwise Causes its Incorporation

As stated above, Hanson PLC argues that it does not own any stock in Beazer East or Three Rivers Management. Rather, such stock is owned by Hanson Holdings Basalt, Inc, and American subsidiary. It is undisputed that Hanson PLC did not incorporate either Beazer East or Three Rivers Management.

The court finds that this factor weighs in favor of the UK Hanson defendants.

### 5. The Subsidiary Has Grossly Inadequate Capital

The plaintiffs argue that Beazer East generates no income and therefore is grossly undercapitalized. Hanson PLC points out that while Beazer East does not conduct business itself, it owns revenue producing subsidiaries in the business of mining and selling aggregates worth as much as a billion dollars.

The court finds that this factor weighs in favor of the UK Hanson defendants.

### 6. Salaries or Expenses or Losses of the Subsidiary.

The plaintiffs argue that Hanson PLC pays the salaries, expenses, and losses of Beazer East through the sweep account. Hanson counters that the sweep account only involve their US subsidiaries, not the UK companies.

The court finds that this factor tends to weigh in favor of the plaintiff.

### 7. The Subsidiary Has No Business

The plaintiffs maintain that Beazer East has no employees, conducts no ongoing business, and exists solely to hold the environmental liabilities Hanson PLC inherited in its acquisition of Beazer PLC.

Hanson PLC counters that Beazer East has its own operating subsidiaries with very substantial assets.

The court finds that this factor weighs in favor of the UK Hanson defendants.

## 8. Papers of Parent Reflects Subsidiary as a Department or Division

Pointing to the depositions of Nick Swift, Hanson PLC's Finance Manager and Jill Blundon, an officer of Beazer East and Three Rivers, the plaintiffs urge that Hanson PLC regards Beazer East as part of "the Hanson group." Furthermore, Hanson PLC has referred to Beazer East and Three Rivers Management as the "Hanson Environmental Group" in its own papers.

Hanson PLC counters that the use of the term "Hanson" does not regard Hanson PLC or other UK subsidiaries, but rather to the Hanson group members in the US.

The court finds that this factor is a draw since the plaintiffs have failed to distinguish between American and UK Hanson companies throughout their briefs. In context, "Hanson" can refer to either.

## 9. Directors of Subsidiary Do Not Act Independently in the Interest of the Subsidiary But Take Direction From the Parent

The plaintiffs insist that Rob Markwell, a VP and director of Beazer East as well as the President of Three Rivers, stated that he "knows" that Beazer East and Three Rivers works for Hanson PLC and that he reports to Nick Swift. Swift has agreed that Hanson PLC has the authority to hire and fire Markwell and to determine Markwell's pay.

Hanson PLC counters that such reporting by Markwell to Swift was informational regarding accounting matters and not in the sense of "chain of command direction." Further, Swift's role in reviewing Markwell's performance and determining his compensation is a common feature of any

corporate structure. Hanson PLC cites *Hargrave*, 710 F.2d at 1160-61 for the proposition that courts have recognized that reviewing salary and performance is not an exceptional fact justifying veil piercing.

The court finds that this factor weighs in favor of the plaintiff.

10. Corporate Formalities

There is no evidence that the UK Hanson companies have not observed corporate formalities. The court finds that this factor weighs in favor of the UK Hanson defendants.

**C. Conclusion**

The court concludes that the plaintiffs have not met their burden in establishing enough factors to demonstrate that any of the UK Hanson companies exercise sufficient control over its American subsidiaries, including Beazer East, Inc. and Three Rivers Management to justify piercing the corporate veils of any of the UK companies, much less to the prime UK parent Hanson PLC. As such, the court concludes that it does not have personal jurisdiction over any of the UK Hanson defendants, *i.e.*, Hanson PLC, Hanson Building Materials, Ltd., and Hanson Holdings Ltd.

In other words, since the plaintiffs have not proven their alter-ego theory with regard to any of the UK Hanson defendants, there can be no veil piercing. The Mississippi long-arm statute does not cover the UK Hanson defendants, therefore it is unnecessary to proceed to the due process inquiry. Accordingly, the instant Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction should be granted.

### III. CONCLUSION

For the reasons discussed above, Defendants Hanson PLC, Hanson Building Materials, Ltd., and Hanson Holdings Ltd.'s Motion to Dismiss for Lack of Personal Jurisdiction [61-1] should be granted. Therefore, the plaintiffs' claims against them should be dismissed without prejudice. Accordingly, an Order shall issue forthwith,

**THIS DAY** of August 21, 2006.

                                                  /s/ W. Allen Pepper, Jr.
                                                W. ALLEN PEPPER, JR.
                                                UNITED STATES DISTRICT JUDGE