IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

FRED BECK; ET AL., PLAINTIFFS,

VS. CIVIL ACTION NO. 3:03CV60-P-D

KOPPERS, INC., f/k/a KOPPERS INDUSTRIES, INC.;
ET AL., DEFENDANTS.

CONSOLIDATED WITH

HOPE ELLIS, ET AL., PLAINTIFFS,

VS. CIVIL ACTION NO. 3:04CV160-P-D

KOPPERS, INC., f/k/a KOPPERS INDUSTRIES, INC.;
ET AL., DEFENDANTS.

**ORDER**

This matter comes before the court upon Defendants Koppers Inc. and Beazer East, Inc.'s Motion to Reconsider Orders of May 17, 2006 and July 25, 2006 and Set Trial in Oxford, or, in the Alternative, for Interlocutory Appeal [1149] and Defendant Illinois Central Railroad Company's Joinder therein [1150]. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

Originally 110 plaintiffs filed the instant action on March 20, 2003 in the Western Division of the Northern District of Mississippi. On March 15, 2005, the court entered an Order granting the defendants' motion to transfer trial to Oxford and denying the plaintiffs' motion to transfer to the Greenville Division. Approximately a month later the court entered an Order on April 14, 2005 severing 98 of the original 110 plaintiffs and set separate trials of the remaining 12 plaintiffs.

1

Beginning in mid-April 2006 the court held the trial of the first plaintiff of 12 which lasted for approximately three weeks. On May 17, 2006 the court granted the plaintiff's *ore tenus* motion to conduct the remaining 11 trials in Greenville. In that Order, the court noted that its March 15, 2005 Order granting the defendants' motion to transfer trial to Oxford was entered before the severance of 98 plaintiffs and the setting of 12 separate trials and that after experiencing the three-week trial in Oxford away from the undersigned's duty station in Greenville, the court concluded that it was in the interests of justice to conduct the future trials in Greenville.

The defendants filed a motion for a writ of mandamus to the Fifth Circuit Court of Appeals asking the Court to require this court to hold the future trials in Oxford. That writ was denied without comment.

The defendants also filed an appeal of the jury verdict in favor of Kenesha Barnes. Ultimately, the Fifth Circuit reversed and rendered the jury verdict on November 6, 2008 based on a conclusion that the applicable statute of limitations period had run. Though the defendants argued their position that the trials should be conducted in Oxford to the Court of Appeals for the second time, the Court rendered its decision without ruling on the defendants' appeal of this court's May 17, 2006 Order transferring the future trials to Greenville. In its November 6, 2008 Opinion, however, the Court of Appeals characterized the court's transfer of the remaining trials to Greenville as "unprecedented."

During a November 25, 2008 status conference in chambers to determine which of the remaining plaintiffs' claims were affected by the Court of Appeals' statute of limitations ruling, the defendants reiterated their argument that the remaining trials should be held in Oxford. Though the plaintiffs countered that the Court of Appeals declined to directly rule on the transfer issue, the court

2

suggested that the defendants should file a motion to transfer and for an interlocutory appeal.

On December 31, 2008 the defendants filed a motion to reconsider the court's May 17, 2006 Order granting the plaintiff's *ore tenus* motion to transfer future trials to Greenville and its July 25, 2006 Order denying the defendants' first motion to reconsider that order.

Having considered the background of this case and its prior orders, the court concludes that it has the authority to hold the future trials in Greenville and that the defendants' second motion to reconsider the court's May 17, 2006 Order should be denied.

For the sake of convenience, the court will repeat its reasoning.

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district **or division** where it might have been brought." (emphasis added).

Title 28 U.S.C. § 1393, the divisional venue statute, was repealed in 1988 as part of the Judicial Improvements and Access to Justice Act. *See* Wright & Miller, 14D Fed. Prac. & Proc. Juris.3d § 3809 ("[T]here is no longer any requirement in federal civil cases that venue be laid in a particular division within a district" given the repeal of 28 U.S.C. § 1393). Therefore, this action could have been brought in the Greenville Division of the Northern District of Mississippi.

Moreover, the Fifth Circuit has held that "[a] intradistrict transfer is not required absent a strong showing of prejudice." *U.S. v. Duncan*, 919 F.2d 981, 985 (5th Cir. 1990). Therefore, there is current precedent supporting this court's decision to deny the defendants' motion to transfer in question.

Furthermore, though § 1404(a)'s language "the convenience of parties and witnesses, in the interest of justice" might suggest otherwise, "it is well established that the interest of justice is a factor to be considered on its own and an important one and that the interest of justice may be decisive in ruling on a transfer motion...." Wright & Miller, 15 Fed. Prac. & Proc.2d § 3854 (citing *e.g.*, *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 222 (7th Cir. 1986) ("The 'interest of justice' analysis relates, then, to the efficient functioning of the courts, not to the underlying dispute.").

As stated in its May 17, 2006 Order, there are several reasons why the interests of justice weigh in favor of conducting the remaining trials in the Greenville Division.

First, the court would have been far more reluctant to grant the defendants' Motion to Return this Matter for Trial in Western Division on March 15, 2005 had it known the case would be separated into twelve separate trials. Furthermore, since the court's original transfer order on March 15, 2006, the court consolidated the case of *Ellis, et al. vs. Koppers, Inc. et al.*, Cause Number 3:04cv160 with the instant case, thereby adding 948 additional plaintiffs. It is highly burdensome and inefficient for the court to try twelve (possibly more) 3-to-6-week trials 145 miles away from its duty station.

Second, given there is only a 25 mile difference between Grenada (the location of the subject facility and many of the plaintiffs) and Oxford compared to the distance between Grenada and Greenville, trying twelve 3-to-6-week trials in Oxford poses an unreasonable burden on the tax-payers who have to pay the undersigned and his law clerks, secretary, courtroom deputy, and court reporter thousands of dollars for mileage, meals, and hotel accommodations. The Clerk of Court for the Northern District has determined these costs amounted to $10,132.92. Thus, if all twelve trials are tried in Oxford, the tax payers will be burdened with a probable amount of over $120,000.00.

4

That cost will increase exponentially if some or all of the approximately 948 claims are tried from the *Ellis v. Koppers* case that have been consolidated with the instant case.

Third, since the instant motion does not involve transfer of venue from one district to another but rather from one division to another (and keeping in mind there is no divisional venue statute), the only practical difference between trying the case in Greenville or Oxford is the jury pool given that in either event the parties will retain the same judge. The court concludes that the most probable reason the defendants have been so adamant about trying the cases in Oxford is to avoid a Greenville jury. The defendants have proffered no evidence or even argument as to why a Greenville jury will unduly prejudice them, much less any clear and convincing evidence that there is any difference between the quality of a jury in Greenville as opposed to one in Oxford. *See In re Horseshoe Entertainment*, 305 F.3d 354, 358 (5th Cir. 2002) (possibility of prejudice, such as larger verdicts, in one district or another must be established by clear and convincing evidence; vague and indefinite circumstances will not suffice). Since the plaintiffs moved for the transfer, the court concludes that the plaintiffs do not object to a Greenville jury.

Fourth, it is unduly burdensome on the Greenville courthouse to be without a district judge for twelve 3-to-6-week periods 145 miles away since there would be no district judge to attend to emergency or criminal matters that inevitably arise in the course of the court's business.

Fifth, in terms of convenience of witnesses, the plaintiffs have not argued that their witnesses will be unduly burdened. Furthermore, the defendants only put on one witness in the Barnes case – Dr. James Thigpen – who is from Jackson. It is approximately 40 miles closer to Greenville from Jackson than it is to Oxford.

The defendants insist that this court does not have the authority to hold the remaining trials

in the Greenville Division because (1) Title 28 U.S.C. § 104 states that "Court for the western division shall be held in Oxford"; and (2) the court's stated practice in the Northern District of Mississippi that "allow[s] a court the discretion to try any case assigned to a given judge at his duty station" is not approved by law.

Though it is true that 28 U.S.C. § 104(a)(2) states that "Court for the western division shall be held at Oxford," there is no procedural mechanism to enforce that technical requirement given the repeal of the divisional venue statute. Furthermore, if the court were to strictly comply with §104, it would be unable to hold trials for the Delta Division since § 104(3) requires that court for the Delta Division shall be held at Clarksdale or Cleveland and there is no federal courthouse in Clarksdale or Cleveland. The practice of the Northern District of Mississippi – albeit an unwritten one – is to split up the cases in the Delta Division among the Greenville Division and the Western Division. Another anachronism contained in § 104 is that Eastern Division cases shall be held in Aberdeen, Ackerman, and Corinth when court is no longer held in the latter two cities.

As to the argument that the Northern District's unwritten practice of allowing the discretion to try any case assigned to a given judge at his or her duty station is not specifically approved by law, the Northern District of Mississippi is invested, as are presumably all federal courts, with at least a modicum of inherent discretion to control its docket as long as the exercise of that discretion does not run contrary to law. As stated above, given the absence of a divisional venue statute, the subject practice does not run contrary to law.

After consultation with the other District and Magistrate Judges in the Northern District of Mississippi, it is the opinion of the undersigned and the consensus of the Judges of this Court that the defendants' interpretation of the law on the matter of intra-district transfer of trial location is not

only legally incorrect, it also fails to take into account the nature of how civil cases and the trials thereof are divided in this district, which is designed to avoid "judge shopping." According to the Northern District of Mississippi Order of December 3, 2007, the allocation of cases are as follows:

| Judge | Eastern Div. | Delta Div. | Western Div. | Greenville Div. |
|---|---|---|---|---|
| Chief Judge Mills | 20% | 30% | 50% | 25% |
| Judge Pepper | 5% | 50% | 15% | 50% |
| Judge Aycock | 50% | 10% | 15% | 25% |
| Sr. Judge Biggers | 10% | 10% | 10% | 0% |
| Sr. Judge Davidson | 15% | 0% | 10% | 0% |

Thus, if they were required to hold civil trials in the division in which the case was filed, the District Judges in the Northern District would have to travel with their staffs a great deal of the time. Accordingly, Chief Judge Mills would have to travel for 45% of civil cases,[1] the undersigned for 20% of civil cases, Judge Aycock for 40%, Sr. Judge Biggers for 10%, and Sr. Judge Davidson for 10%. Such travel would cause undue and unnecessary burdens on the court and the taxpayers. For example, the two courtrooms in Greenville are more readily available since there is only one resident District Judge and one resident Magistrate Judge. In Oxford and Aberdeen, on the other hand, there are two resident District Judges and one resident Magistrate Judge each. Thus, for the undersigned to schedule eleven or more separate trials in the instant case in the Western Division would require obtaining a courtroom for three to four weeks at a time in an already crowded docket in Oxford despite the fact that the courtroom in Greenville is readily available.

Another burden upon the court posed by the defendants' proposition involves the number

---

[1] There is no courthouse or District Judge assigned to the Delta Division.

of courtrooms in each of the courthouses. The courthouse in Oxford has three courtrooms, while the courthouses in Aberdeen and Greenville each have two courtrooms. In the event the District Judges in the Northern District of Mississippi were required to travel for all of their civil cases, it is probable that there would be instances in which one or more traveling District Judge would need to use a given courtroom in another courthouse which would lead to inevitable scheduling conflicts. For example, if two traveling District Judges both had trials scheduled in Aberdeen at or near the same time, and the resident District Judge and Magistrate Judge also needed their courtrooms, there would be three District Judges and one Magistrate Judge competing for two courtrooms.

Given the relatively recent *en banc* decision in *In re Volkswagen of America, Inc.*, 545 F.3d 304 (5th Cir. 2008), involving transfer of venue, the court believes it prudent to distinguish the circumstances in this case from those in the *Volkswagen* case. First and foremost, the *Volkswagen* case involved a motion to transfer from one Texas district to another Texas district. The instant case, however, involves an *intra*-district transfer – *i.e.*, a transfer of trial from one division to another division within the same district. This is an important distinction because, as discussed above, there is no divisional venue statute. Furthermore, unlike the situation in *Volkswagen* where the original division and district had no connection whatsoever to the parties, witnesses, or facts of the case, the situation in this case involves the same judge and a different division for trial that is a mere 25 miles further from the town wherein the alleged torts occurred than in the original division. Another distinguishing factor from the *Volkwagen* case is that the defendants in that case moved for transfer while it is the plaintiffs in this case that moved for transfer. Accordingly, this court concludes that the underlying circumstances and holdings of *Volkswagen* are inapplicable to the instant case.

Even if the *Volkswagen* case were applicable to the matter at hand, the court concludes that

the factors discussed by the Court of Appeals weigh in favor of holding trial in Greenville. The Fifth Circuit cited a number of private and public interest factors for courts to use in determining whether transfer from one district to another under § 1404(a) is appropriate:

> The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law."

*In re Volkswagen*, 545 F.3d at 315.

The first three private interest factors weigh equally between Greenville and Oxford. As stated above, it is only approximately 25 miles farther to Greenville from Grenada (the location of the subject facility and the neighborhood) than to Oxford. There is no difference in the ease of access to sources of proof. Compulsory process is available to secure compulsory process in both cities. The cost of attendance for willing witnesses would be the same, if not cheaper in Greenville since accommodations are more readily available than in Oxford and the cost of living in Greenville is less than in Oxford. However, the fourth private factor – all other practical problems that make trial of a case easy, expeditious and inexpensive -- weighs heavily in favor of Greenville for the reasons discussed above.

As to the public interest factors, the first factor – the administrative difficulties flowing from court congestion – have already been established to weigh in favor of Greenville. The second factor – the local interest in having localized interests decided at home – weighs equally between Greenville and Oxford since Grenada is relatively equidistant between the two cities. The third

factor – the familiarity of the forum with the law that will govern the case – also weighs equally since trial in either city will be presided over by the same judge. The fourth factor regarding conflict of laws is inapplicable.

Though it concludes that the defendants' motion to reconsider its ruling requiring the remaining trials to be held in Greenville should be denied, the court agrees that the defendants' alternative motion to certify an interlocutory appeal pursuant to 28 U.S.C. § 1292 should be granted. Though this court believes that the ground for difference of opinion is just barely substantial enough to warrant certification, an immediate appeal from the May 15, 2006 and July 25, 2006 Orders would materially advance the ultimate termination of this litigation since a ruling from the Court of Appeals could prevent this court from being required to try the next of the remaining trials twice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Defendants Koppers Inc. and Beazer East, Inc.'s Motion to Reconsider Orders of May 17, 2006 and July 25, 2006 and Set Trial in Oxford, or, in the Alternative, for Interlocutory Appeal [1149] and Defendant Illinois Central Railroad Company's Joinder therein [1150] is **GRANTED** insofar as it seeks certification of the propriety of an interlocutory appeal; however,

(2) The motion is **DENIED** insofar as it seeks to transfer the remaining trials in this matter to Oxford, Mississippi.

**SO ORDERED** this the 29th day of January, A.D., 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE