IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

FRED BECK, ET AL.,                                                              PLAINTIFFS,

VS.                                                                             CIVIL ACTION NO. 3:03CV060-P-D

KOPPERS INDUSTRIES, ET AL.,                                         DEFENDANTS.

## ORDER

This matter comes before the court upon the plaintiffs' renewed motion [1152] to consolidate the claims of Alice Hill on behalf of the Estate of David Hill, Nikki George on behalf of Nykiya George, and Alice Hill on behalf of Carlus Loggins, a minor. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

A status conference occurred in chambers on November 25, 2008 during which the court indicated that the plaintiffs could move once again for consolidation of the claims of more than one of the remaining plaintiffs for trial rather than proceeding with the current plan of holding eleven more separate trials (plus trials for the approximately 948 plaintiffs in the *Ellis v. Koppers* matter consolidated with the instant action).

However, having considered the standards for consolidation under Federal Rules of Civil Procedure 20(a) and 42(a) and the parties' briefs relative to the claims of David Hill, Nykiya George, and Carlus Loggins, the court concludes once again that consolidation of these particular cases would be unfairly prejudicial to the defendants because proof as to each of the claims would be too disparate and substantial for a reasonable jury to properly assess.

Most importantly, although all three lived at 183 Carver Circle from 2002 to 2004, David Hill died from pancreatic cancer at 57; Nykiya George, born in 2002, suffers from tooth decay and

asthma; and Carlus Cloggins, born in 1989, suffers from asthma and learning disabilities. The scientific proof alone required to demonstrate that (1) the subject chemicals (dioxin and/or PAHs) can cause pancreatic cancer, asthma, tooth decay, and learning disabilities; (2) one or both of those substances did cause each of those ailments; and (3) the rates of exposure of one or both of those substances as to each of the three plaintiffs, would extend the duration of a three- to four-week trial significantly and would require unreasonably complex separation of proof for any reasonable jury.

This is not to rule upon any future renewed motions to consolidate claims for trial. Rather, this order pertains only to the consolidation of the claims of David Hill, Nikiya George, and Carlus Loggins into one trial.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the plaintiffs' motion to consolidate [1152] is **DENIED**.

**SO ORDERED** this the 6th day of February, A.D., 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE