IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**FRED BECK, ET AL.**     **PLAINTIFFS**

**VS.**     **CIVIL ACTION NO. 3:03CV-60-P-D**

**KOPPERS INDUSTRIES, INC., ET AL.**     **DEFENDANTS**

### MOTION TO STRIKE PLAINTIFF'S EXPERT DESIGNATION AS TO JAMES DAHLGREN'S SUPPLEMENTAL OPINIONS AND TO EXCLUDE DAHLGREN'S SUPPLEMENTAL OPINIONS

Plaintiff submitted for the David Hill case a supplemental report for its expert witness James Dahlgren. The supplemental report is merely a one and a half page memo that is completely unsupported and conclusory and fails to provide the information required by F.R.C.P. 26(a)(2). Therefore, pursuant to Local Rule 26.1(A)(2)(b) and F.R.C.P. 37(c)(1), defendants Koppers Inc. and Beazer East, Inc. ("defendants") respectfully request that the Court enter an order striking plaintiff's expert designation as to James Dahlgren's supplemental opinions and excluding Dahlgren's supplemental opinions at trial or otherwise.

    **I.**     **Dahlgren's supplemental report does not provide the information required by Federal Rule of Civil Procedure 26(a)(2), and the supplemental opinions should be stricken and excluded.**

    1.     Dahlgren testified as a causation expert for the plaintiff in the <u>Barnes</u> trial in 2006. He has also previously been designated and submitted a report providing opinions for purposes of the David Hill case, which is the next case set for trial. Defendants are not at this time requesting exclusion of Dahlgren's opinions contained in his initial report.

    2.     In accordance with the new discovery deadlines established for the <u>Hill</u> case, and on the final day for plaintiff to disclose its experts, plaintiff filed a "Notice of Designation of Plaintiff's

00768828

Expert Witnesses" [Doc. 1177] stating that Dahlgren is adopting and incorporating his previous report but also producing a supplemental report. This "supplemental report" is actually a one and a half page memo. See Dahlgren Supplemental Report, attached as Exhibit 1.

3. This Court has emphasized that Federal Rule of Civil Procedure 26(a)(2) requires the expert to provide "a report that contains, among other things, a complete statement of all opinions" as well as the basis and reasons for the opinions, the data upon which he based the opinions and the methodology he used to arrive at the opinions. Williams v. Daimler Chrysler Corp., No. 4:06CV188, 2008 WL 4449558 (N.D. Miss. July 22, 2008) (Pepper, J.) (emphasis in original). In other words, Rule 26 requires the expert to "show his work"—not just his conclusions. Id. "[A]n expert's report must be 'detailed and complete' in order to 'avoid the disclosure of sketchy and vague expert information.'" Campbell v. McMillin, 83 F. Supp. 2d 761, 764 (S.D. Miss. 2000)(quoting Sierra Club, Lone Star Chapter v. Cedar Point Oil Co., Inc., 73 F.3d 546 (5th Cir. 1996)). Conclusory, unsupported assertions which reveal only the ipse dixit of the expert without providing the specific basis and reasoning for the opinions are not sufficient. Id.

4. Moreover, it is important that the expert report provide opposing counsel with all of the required information before the expert's deposition; deficient expert reports cannot be cured with deposition testimony. Williams, 2008 WL at *5. Finally, Rule 26(a)(2) requires that the expert report contain a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition.

5. This Court has recognized that under Uniform Local Rule 26.1(A)(2)(b), "an attempt to designate an expert without providing full disclosure information as required by the rule will not be considered a timely expert designation and may be stricken upon proper motion or sua sponte by the court." Studdard v. State Auto Property and Casualty Ins. Co., No. 1:06CV190, 2007 WL

3047150 (N.D. Miss. October 17, 2007) (Pepper, J.). Likewise, Rule 37(c)(1) provides that an expert's opinions should be excluded from use at any hearing or trial if the expert's report concerning those opinions does not provide the information required by Rule 26(a)(2). Williams, 2008 WL at *5 (striking expert report and precluding expert opinions due to failure to comply with Rule 26(a)(2)); Campbell, 83 F. Supp. at 764-65 (same). The sanction of exclusion is **"automatic and mandatory**" unless the sanctioned party can show that its violation of Rule 26(a) was either substantially justified or harmless. Williams, 2008 WL at *5 (internal quotations omitted) (emphasis added).

6. Dahlgren's "supplemental report" comes nowhere close to providing the detailed and complete information required by Rule 26(a)(2) and is patently deficient on its face. The report is a generic, conclusory one and a half page memo that is grossly and wholly inadequate. It offers only vague and cryptic, nonspecific assertions and does not provide any bases, reasons or methodology for the supplemental opinions. Just by way of example: plaintiff Hill died of pancreatic cancer, and smoking is the leading cause of pancreatic cancer. Hill smoked 1 to 2 packs of cigarettes a day for 30 years. Dahlgren makes the bald, unsupported assertion in this supplemental report that the "dose [of chemicals] from the [Koppers] plant was 100s of times higher than from cigarettes." See Exhibit 1. Dahlgren offers no reason, basis, explanation or methodology for this opinion.

7. In addition, the supplemental report contains vague and general references to some articles by the last name of an author, with no further citation or explanation about the names of the articles that support the assertions. There are also vague references to studies or papers with no identification or citation at all. Plaintiff's counsel has provided a box of random articles, but Dahlgren's supplemental report still offers no explanation or clarification about which if any of the

articles supports which if any of the opinions in the report. Finally, the supplemental report also does not provide an updated list of Dahlgren's trial and deposition testimony as required by Rule 26.

> **II. Plaintiff's counsel has repeatedly stated that they would cure the deficiencies in Dahlgren's supplemental report, but they have unjustifiedly failed to do so.**

8. Defendants' counsel advised plaintiff's counsel that Dahlgren's supplemental report does not provide the information required by Rule 26. See Correspondence from Chris Shapley to Hunter Lundy, Exhibit 2. Defendants' counsel explained that defendants are entitled to a full and complete report that complies with Rule 26 prior to taking Dahlgren's deposition. Id. Plaintiff's counsel initially suggested that they would not provide any additional information concerning Dahlgren's supplemental opinions, accused defendants of trying to take unnecessary deposition testimony and provided a Good Faith Certificate so that defendants' counsel could file a motion. See Exhibit 3.

9. Defendants' counsel followed up by reiterating that Dahlgren's supplemental report contains new opinions not contained in his prior report and that he should not be allowed to testify to those new opinions unless the supplemental report complies with Rule 26. See Exhibit 4. Defendants' counsel further explained that if plaintiff would withdraw the supplemental report, defendants would not need to depose Dahlgren. Id.

10. Two days later, plaintiff's counsel sent an email stating that they were attempting to gather the information requested. See Exhibit 5. On May 5, 2009, plaintiff's counsel sent another email stating again that they were working to gather the required Rule 26 information. See Exhibit 6. A week later, having still not received the information required by Rule 26, defendants' counsel sent another email to plaintiff's counsel asking again when the required information would be provided and asking for dates to take Dahlgren's deposition. See Exhibit 7. Plaintiff's counsel

responded by stating that they would attempt at least to let defendants know that day when they would produce the required Rule 26 information. See Exhibit 8. The day and week passed with no Rule 26 information being produced and no further word from plaintiff's counsel about when the information would be provided. On May 18, 2009, defendants' counsel sent yet another email explaining that the discovery deadline is approaching and that we needed the required Rule 26 information and possible deposition dates by the end of that week. See Exhibit 9. Plaintiff's counsel did not respond to the email and still have failed to provide the required information.

11. In summary, Dahlgren's supplemental expert report did not provide the information required by Rule 26 in time to meet plaintiff's expert disclosure deadline. Even after that deadline, however, defendants did everything but beg plaintiff to provide the information required by Rule 26 concerning Dahlgren's supplemental opinions. Plaintiff's counsel continually stated that they would provide the information but did not. Plaintiff's actions have delayed the proceedings, and defendants will not be able to complete discovery on Dahlgren's supplemental opinions. Defendants have been prejudiced by not being provided the information so that they can adequately defend again Dahlgren's supplemental opinions at trial. Plaintiff has no justification for its failure to comply with the rules. This Court has been clear and consistent that if an expert report does not provide the information required by Rule 26, the opinions should be stricken and excluded. Dahlgren's supplemental report is grossly deficient on its face, and exclusion is automatic and mandatory under these circumstances.

Accordingly, defendants respectfully request that the Court enter an order striking plaintiff's expert designation as to James Dahlgren's supplemental opinions and excluding Dahlgren's supplemental opinions at trial or otherwise.

Respectfully submitted, this the 22nd day of May, 2009.

                KOPPERS INC. AND BEAZER EAST, INC.

                By: /s/ Trey Jones

                One of their Attorneys

OF COUNSEL:

Christopher A. Shapley, Esq. (MSB No. 6733)
Robert L. Gibbs, Esq. (MSB No. 4816)
William Trey Jones, III, Esq. (MSB No. 99185)
Brunini, Grantham, Grower & Hewes, PLLC
P.O. Drawer 119
Jackson, MS 39205
(601) 948-3101
(601) 960-6902 (fax)

Reuben V. Anderson, Esq.
Phelps Dunbar
P.O. Box 23066
Jackson, MS 39225
(601) 352-2300
(601) 360-9777 (fax)

Jay Gore, III, Esq.
Gore, Kilpatrick & Dambrino
P.O. Box 901
Grenada, MS 38902
(662) 226-1891
(662) 226-2237 (fax)

Cal R. Burnton, Esq.
Anthony Hopp, Esq.
Wildman, Harrold, Allen & Dixon
225 W. Wacker Drive, Suite 2800
Chicago, IL 60606
(312) 201-2000
(312) 201-2555 (fax)

ATTORNEYS FOR KOPPERS INC. AND BEAZER EAST, INC.

## CERTIFICATE OF SERVICE

      I, Trey Jones, hereby certify that I electronically filed the foregoing pleading or other paper with the Clerk of the Court using the ECF system which sent notification of such filing to all registered parties.

      This, the 22nd day of May, 2009.

                                                    /s/ Trey Jones