**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**FRED BECK, ET AL**                                                                   **PLAINTIFFS**

**VS.**                                                  **CIVIL ACTION NO. 3:03CV60-P-D**

**KOPPERS INC., ET AL**                                                **DEFENDANTS**

================================================================

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE
PLAINTIFF'S EXPERT DESIGNATION AS TO
JAMES DAHLGREN'S SUPPLEMENTAL OPINIONS
AND TO EXCLUDE DAHLGREN'S SUPPLEMENTAL OPINIONS**

NOW INTO COURT, through undersigned counsel comes Plaintiff, ALICE HILL on behalf of the estate of DAVID HILL, in response to Defendants' motion to strike the supplemental report of Dr. James Dahlgren, who responds as follows:

**BACKGROUND**

Dr. James Dahlgren rendered a report, "Health Effects on Nearby Residents from the Koppers Grenada Plant Operations,"[1] dated January 31, 2005, consisting of 305 pages, along with a specific, seven-page medical evaluation fo David Hill which addresses the medical history, diagnosis, causation and opinion of Dr. Dahlgren as to David Hill only.[2] Dr. Dahlgren furnished not only the literature and supporting documentation, but also a detailed bibliography, as the bases for his opinions which were provided in written form within his report. Dr. Dahlgren's report was followed by eight (8) days of deposition testimony, taken on April 5, 2005, April 6, 2005, May 9, 2005, May 10, 2005, August 1, 2005, August 2, 2005, January 10, 2006, and May 10, 2006, by Anthony G. Hopp of the Chicago law firm

---

[1] Attached hereto as Exhibit "A" is Dr. Dahlgren's January 31, 2005 "Health Effects on Nearby Residents from the Koppers Grenada Plant Operations" cover.

[2] A copy of Dr. Dahlgren's evaluation regarding David Hill is attached hereto as Exhibit "B."

of Wildman, Harrold, Allen & Dixon, L.L.P.[3]

In December 2008, in conference with this Honorable Court, the Court indicated that while not mandatory, Plaintiffs counsel could supplement expert reports, if necessary. Plaintiff's counsel, having known other literature has been produced and knowing that another blood study was conducted in the community adjacent to the Koppers Plant in 2008, showing elevated dioxins in the blood of the residents, asked Dr. Dahlgren to provide a short update of his report. Dr. Dahlgren did so, and a copy of that report is attached to the motion of Defendants as Exhibit "1." Now, Defendants have pointed out one (1) statement that seems to offend them in Dr. Dahlgren's report, wherein he stated:

> There was an increase in risk from his cigarette smoking but the level of carcinogenic agents was far greater from the plant than from his cigarette smoking. *The dose from the plant was 100s of times higher than from cigarettes.*

Defendants assert that there is no basis or reason for this statement or explanation or methodology for the same. The remainder of Defendants' motion is nothing more than conclusory allegations without providing any specific deficiencies of the supplemental report.

## **ARGUMENT**

Dr. Dahlgren was allowed to testify as to general causation and specific causation of the disease and death of Sherrie Barnes and Plaintiff's counsel has submitted him to do the same as to David Hill in the instant case.

The undersigned was in Fayetteville, Arkansas, from April 28, 2009, until May 15, 2009, preparing and trying another case. The undersigned exchanged emails with Chris Shapley and said that he would communicate with Dr. Dahlgren and either withdraw that one (1) statement and/or support it with substantiating information. Although Plaintiff's

---

[3] Attached hereto as Exhibit "C" are transcript cover sheets, noting Dr. Dahlgren's eight (8) deposition dates of April 5, 2005, April 6, 2005, May 9, 2005, May 10, 2005, August 1, 2005, August 2, 2005, January 10, 2006, and May 10, 2006.

counsel has not met the deadlines demanded by Defendants' counsel in exchanging this report, the undersigned did speak with Dr. Dahlgren and asked him to be specific regarding the basis of his opinion between the dose, pitch and/or other chemical constituents from the Koppers Plant as to his analogy to cigarette smoke. Dr. Dahlgren assured the undersigned he was doing that and attached is the report that contains the specifics of that analogy that was provided to Defendants May 26, 2009. See Exhibit "D" attached hereto. The biggest complaint noted in Defendants' motion to strike is their dislike of Dr. Dahlgren's dose analogy. Without conceding the merits of Defendants' motion, Plaintiff's counsel asked Dr. Dahlgren to once again write a report explaining the applicable dose analogy along with the basis therefor to which Dr. Dahlgren complied.

Finally, Plaintiff's counsel felt it had provided the current Curriculum Vitae and Deposition and Trial Testimony of Dr. Dahlgren to Defendants, but out of an abundance of caution, it has bee provided once again. If the Court is of the opinion that the Supplemental Report of Dr. Dahlgren was insufficient under Rule 26, it is respectfully represented that the deficiency was harmless in light of the fact that Defendants had more than ample opportunity to familiarize themselves with Dr. Dahlgren's opinions, deposing him for eight (8) days, cross-examining him in the trial of the *Barnes* case where he, as well as Dr. Sawyer, made a similar analogy to cigarette smoking, and having had his original and supplemental reports. Irrespective, Plaintiff's counsel has provided a second supplemental report.

It is respectfully represented that the motion is without merit. However, if the Court disagrees, the error was harmless and counsel for Plaintiff has attempted to satisfy Defendants with a second supplemental report. *Williams v. Daimler Chrysler Corp.*, No. 4:06CV188, 2008 WL 4449558 (N.D. Miss. July 22, 2008) (Pepper, J.) (holding that "under Rule 37©)(1), if a party fails to disclose the information required by Rule 26(a)(2), its expert may not testify as to that information-'unless such failure is harmless.'")

For each and all of the foregoing reasons, it is respectfully requested that Defendants Motion to Strike Plaintiff's Expert Designation as to James Dahlgren's Supplemental Opinions and to Exclude Dahlgren's Supplemental Opinions be overruled and/or declared moot by virtue of the Second Supplemental Report.

    Respectfully submitted,

    Alice Hill on Behalf of the Estate of
    David Hill, Deceased

    LUNDY, LUNDY, SOILEAU & SOUTH, LLP


    By: /s/ Hunter W. Lundy
        Hunter W. Lundy (MS Bar No. 1495)
        Andre F. Ducote (MS Bar No. 10118)
        P.O. Box 3010
        Lake Charles, LA 70602
        Telephone: (337) 439-0707
        Facsimile: (337) 439-1029

        The Plaza Building II
        713 S. Pear Orchard Rd., Suite 203
        Ridgeland, MS 39157
        Telephone: (601) 362-0001
        Facsimile: (601) 362-0661

OF COUNSEL:

J.P. Hughes, Jr. (MS Bar No. 8967)
Carter C. Hitt (MS Bar No. 100789)
HUGHES HITT LAW FIRM, P.A.
510 Azalea Drive, Suite 100
Oxford, MS 38655
Telephone: (662) 234-6080
Facsimile: (662) 234-6042

Frank Thackston
LAKE TINDALL, LLP
P.O. Box 918
Greenville, MS 38702
Telephone: (662) 378-2121
Facsimile: 378-2183

**CERTIFICATE OF SERVICE**

I hereby certify that I on the 5th day of June, 2009, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record:

Christopher A. Shapley, Esq.
Robert G. Gibbs, Esq.
William Trey Jones, III, Esq.
Brunini, Grantham, Grower & Hewes, PLLC
Post Office Box 119
Jackson, Mississippi 39205-0119

Reuben V. Anderson, Esq.
Phelps Dunbar
Post Office Box 23066
Jackson, Mississippi 39225-3066

Jay Gore, III, Esq.
Gore, Kilpatrick, Purdie, Metz & Adcock
Post Office Box Drawer 901
Grenada, Mississippi 38902

Cal R. Burnton, Esq.
William M. Barnes, Jr., Esq.
Jeffrey K. McGinness, Esq.
Wildman, Harrold, Allen & Dixon
225 West Wacker Drive, Suite 2800
Chicago, Illinois 60606-1229

Glenn F. Beckham, Esq.
Harris Powers, Esq.
Upshaw, Williams, Biggers, Beckham &
   Riddick, LLP
P.O. Box Drawer 8230
Greenwood, MS 38935-8230

　/s/Hunter W. Lundy
　Hunter W. Lundy