# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

ALICE HILL, ET AL.,                                     PLAINTIFFS,

VS.                                                CIVIL ACTION NO. 3:03CV60-P-D

KOPPERS INDUSTRIES, ET AL.,                            DEFENDANTS.

## ORDER

This matter comes before the court upon Defendant Koppers Industries' Motion to Strike and Exclude Plaintiff's Expert Opinions or, in the Alternative, to Extend Scheduling Deadlines to Allow Additional Expert Discovery at Plaintiff's Expense [1251] and Defendant Illinois Central Railroad Company's Joinder therein [1252]. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

The defendants move to exclude all of the testimony of Dr. Paul Rosenfeld and certain opinions comparing plant chemical exposure to Mr. Hill with his exposure to smoking offered by Drs. Dahlgren and Sawyer. The basis for the instant motion is that the plaintiff failed to timely disclose a complete statement of all the subject opinions along with the data and methodology relied upon to reach the opinions.

With regard to Dr. Rosenfeld, his expert report was submitted on March 13, 2009. Thereafter the defendant requested the complete files for all of the plaintiff's experts, including those of Rosenfeld. On April 9, 2009, the plaintiff sent the defendant what purported to be the complete file. However, during his deposition on July 15, 2009 (almost four months after expiration of the expert designation deadline), Dr. Rosenfeld produced or referenced new information that contributed to his opinion that he admitted he had not disclosed before the deposition. After the deposition, the

defendant requested the newly disclosed information, after which the plaintiff sent the defendant a disc with "voluminous information" including "blood data calculations" and "NHANES [National Health and Nutrition Examination Survey] data including the methodology for the calculations."

Dr. Dahlgren testified in the first trial Sherrie Barnes' claims as a causation expert. On the plaintiff's expert designation deadline in the Hill case, March 13, 2009, the plaintiff submitted a one-and-a-half page supplemental report by Dr. Dahlgren wherein, among other things, he compared Hill's exposure to plant chemicals to the cigarettes he had smoke for approximately 30 years. The entirety of the statement regarding the smoking comparison provided: "There was an increase in risk from his cigarette smoking but the level of carcinogenic agents was far greater from the plant than from his cigarette smoking. The dose from the plant was 100s of times higher than from cigarettes." After the defendants filed a motion to strike the report, the plaintiff filed a second supplemental report May 22, 2009, wherein Dr. Dahlgren expanded his opinion that Mr. Hill received significantly higher doses of plant chemicals than he did from smoking.

After receipt of the second supplemental report, which was provided almost two months after the plaintiff's expert designation deadline, the defendant requested the complete files of all of the plaintiff's experts, including those of Dr. Dahlgren, used to form opinions in this case and received what was stated to be in compliance with that request. On July 16, 2009 the defendant deposed Dr. Dahlgren. During the deposition, Dr. Dahlgren stated that his smoking comparison opinion was based on dose calculations and opinions developed by Dr. Sawyer in April or May 2009. The defendants aver they were never provided any information or opinions from Dr. Sawyer regarding a comparison of smoking to exposure to plant chemicals. Rather, the defendants argue, Dr. Sawyer had only previously opined upon dose calculations based on household attic dust. During his

2

deposition, Dr. Dahlgren stated that Dr. Sawyer conducted the smoking comparison calculations in April or May 2009 in response to Dr. Dahlgren's request.

As to Dr. Sawyer, he too testified as a causation expert for the plaintiff during the *Barnes* trial. He provided his report for the Hill case on March 13, 2009. Despite the receipt of the "complete files" of Dr. Sawyer from the plaintiff after defense counsel's request – a request made after the plaintiff's expert designation deadline – the defendants were not provided with a "complete statement of all opinions containing the basis and reasons therefor and the data considered in forming the opinion" regarding the smoking vs. plant chemicals comparison before the expert designation deadline or before Dr. Sawyer's deposition on April 24, 2009. As discussed above, it was not until Dr. Dahlgren's July 2009 deposition that the defendants received notice of Dr. Sawyer's role in the smoking comparison opinion.

Fed. R. Civ. P. 26(a)(2) requires an expert to turn in a report – by the party's expert designation deadline – that contains, among other things, "a **complete** statement of all opinions containing the basis and reasons therefor and the data considered in forming the opinion." "Rule 26(a)(2) does not allow parties to cure deficient expert reports by supplementing them with later deposition testimony. The purpose of Rule 26(a)(2) is to provide notice to opposing counsel-before the deposition-as to what the expert witness will testify...." *Ciomber v. Cooperative Plus, Inc.*, 527 F.3d 635, 642 (7th Cir. 2008). "The purpose of the rule [26(a)(2)] is to eliminate 'unfair surprise to the opposing party.'" *Muldrow ex rel. Estate of Muldrow v. Re-Direct, Inc.*, 493 F.3d 160, 167 (D.C. Cir. 2007) (citing *Sylla-Sawdown v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 284 (8th Cir. 1995)).

Federal Rule of Civil Procedure 37(c)(1) provides in pertinent part: "If a party fails to provide information ... as required by Rule 26(a) ..., the party is not allowed to use that information

... to supply evidence ... at trial, unless the failure was substantially justified or is harmless." "[T]he sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *Salgado v. General Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998); *Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003).

The plaintiff's deadline to turn in their expert reports passed on March 13, 2009. As discussed above, it was that date that the plaintiff should have provided reports that contained "a **complete** statement of all opinions containing the basis and reasons therefor and the data considered in forming the opinion." Fed. R. Civ. P. 26(a)(2). It is undisputed that the plaintiff failed to meet this standard by the March 13, 2009 plaintiff's expert designation deadline as to the entirety of Dr. Rosenfeld's opinions and as to the belated opinions of Drs. Dahlgren and Sawyer regarding the plant chemical vs. smoking dosage comparison. It is also undisputed that during the depositions of Drs. Rosenfeld, Dahlgren, and Sawyer, it was revealed that there were opinions, data, and or methodologies used by the experts in reaching their opinions that were not disclosed in their expert reports that were due on March 13, 2009.

Since the plaintiff has not shown that the failure to timely disclose a complete statement of all opinions containing the basis and reasons therefor and the data considered in forming the subject opinions of Drs. Rosenfeld, Dahlgren, and Sawyer was harmless or substantially justified, the court concludes that the defendant's motion to strike Dr. Rosenfeld's opinion in its entirety and Drs. Dahlgren and Sawyer's smoking comparison opinions should be granted. The failure was not harmless because the plain language of Fed. R. Civ. P. 26(a)(2) requires an expert report to be filed on the expert designation deadline and that report is to contain a complete statement of the opinion,

4

as well as the methodology and factual basis used to reach the opinion. The purpose of this rule is to require an expert to submit a report that any expert in his or her field could pick up the report and independently verify the veracity of the opinions reached therein without further inquiry. This requirement allows the opposing party to have all the relevant information in a timely fashion so that the opposing party may prepare to cross-examine the expert during his or her deposition. As mentioned above, it is not proper federal practice to assume that one can submit an incomplete expert report only to provide new opinions and/or new information during the deposition. The deposition itself does not supplement the report. Rather, only a timely filed supplemental report that comports with Rule 26(a)(2) can supplement an original expert report.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Defendant Koppers Industries' Motion to Strike and Exclude Plaintiff's Expert Opinions or, in the Alternative, to Extend Scheduling Deadlines to Allow Additional Expert Discovery at Plaintiff's Expense [1251] is **GRANTED**; accordingly,

(2) The entire opinion of Dr. Paul Rosenfeld shall be excluded from trial; and

(3) The opinions of Drs. James Dahlgren and William Sawyer regarding comparing Mr. Hill's exposure to plant chemicals to his exposure to smoking are likewise excluded from trial.

**SO ORDERED** this the 30th day of September, A.D., 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE