# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**ALICE HILL, ET AL.,**                                                                  **PLAINTIFFS,**

**VS.**                                                                        **CIVIL ACTION NO. 3:03CV60-P-D**

**KOPPERS INDUSTRIES, ET AL.,**                                          **DEFENDANTS.**

## ORDER

This matter comes before the court upon the plaintiff's Motion to Exclude Untimely Expert Witness Opinions [1268]. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

Since the court has already excluded the testimony of Dr. Rosenfeld as untimely in its September 30, 2009 Order granting the defendants' motion to strike, the plaintiff's motion to exclude the testimony of the defendants' rebuttal witness, Dr. Donald Patterson, should be denied as moot.

The plaintiff also moves to strike the July 8, 2009 supplemental report of the defendant's expert Mr. Gale Hoffnagle as untimely. The defendants served Mr. Hoffnagle's initial report in January 2006. They then served the plaintiffs with two supplemental reports on March 1, 2006 and May 13, 2009. The defendants' expert designation deadline passed on May 13, 2009 – the same day the defendants served the second supplemental report of Mr. Hoffnagle. On July 8, 2009 the defendants filed a third supplement to Mr. Hoffnagle's report – consisting of two pages – in order to correct an error regarding the height of the subject boiler stack. The report recalculated the boiler emissions based on the correct boiler height. It remains undisputed that the July 8, 2009 supplement did not change Mr. Hoffnagle's ultimate conclusions previously disclosed. Nor is it disputed that the plaintiff received the July 8, 2009 supplement well before she deposed Mr. Hoffnable on August

25, 2009.

Federal Rules of Civil Procedure 26(e)(1) and (2) require a party to supplement an expert report "in a timely manner" in the event an error is detected in previously disclosed information. Nothing in these rules require a supplemental report to be filed by the expert designation deadline. Rather, Rule 26(e)(2) requires that such a supplement be filed before pretrial disclosures are due which is 30 days before trial unless the court orders otherwise. Since the plaintiff received the supplement over a month before she deposed the expert, the court concludes that the supplement was filed "in a timely manner" pursuant to Rule 26(e)(1)(A).

**IT IS THEREFORE ORDERED AND ADJUDGED** that the plaintiff's Motion to Exclude Untimely Expert Witness Opinions [1268] is **DENIED**.

**SO ORDERED** this 23rd day of November, A.D., 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE