# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**ALICE HILL, on Behalf of DAVID HILL,**
**Deceased,**                                                               **PLAINTIFF,**

**VS.**                                                                      **CIVIL ACTION NO. 3:03CV60-P-D**

**KOPPERS, INC. and BEAZER EAST, INC.,**                             **DEFENDANTS.**

## <u>MEMORANDUM OPINION</u>

These matters come before the court upon the plaintiff's December 18, 2009 motion [1341] to alter, amend, and/or clarify the court's December 11, 2009 order, the plaintiff's December 29, 2009 motion [1353] to stay and/or continue trial, and the parties' supplemental briefs regarding the defendant's September 14, 2009 motion for summary judgment as it relates to the remaining trespass and nuisance claims. After due consideration of the motions and the responses filed thereto, the court is prepared to rule.

## I. FACTUAL BACKGROUND

On December 11, 2009 the court entered an Order and Memorandum Opinion granting the defendants' motion to exclude testimony from plaintiff's experts Drs. Dahlgren and Sawyer. The Order also granted the defendants' motion for summary judgment as to all of the plaintiff's claims (negligence, gross negligence, negligence per se, failure to warn, "intentional tort," conspiracy, and strict liability) save trespass and nuisance. The court reserved ruling on those claims pending new briefing by the parties.

On December 18, 2009 the plaintiff filed a motion to alter, amend, and/or clarify the court's December 11, 2009 Order. In this motion, the plaintiff asks the court to amend its Order to reinstate her dismissed claims as to ailments not including cancer – whether pancreatic or gastrointestinal.

The plaintiff argues that her negligence claims alleged damages other than cancer such as respiratory and neurological problems.

The defendants counter that they moved for summary judgment on all claims and on all asserted injuries and, accordingly, the plaintiff had the duty to answer that motion with all evidence of all claims. The defendants urge that there are no medical records of David Hill's other alleged ailments, that there is no expert testimony by doctors regarding those ailments, that the plaintiff's medical causation expert, Dr. Dahlgren, admitted in deposition testimony that he was not prepared to opine on any respiratory or neurological problems Mr. Hill may have had, and that Dr. Dahlgren never examined Mr. Hill. Defendants also point to deposition testimony from Mr. Hill, given before he was diagnosed with cancer, that he was healthy and seldom saw a doctor.

In addition to the plaintiff's motion to alter judgment, the court instructed the parties to re-brief the defendants' motion for summary judgment regarding the remaining claims of trespass and nuisance. The parties have done so. Accordingly, the court will treat each motion in turn.

## II. DISCUSSION

### A. Summary Judgment Standards

Summary judgment should be entered only if "[t]here is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment has the initial burden of demonstrating through the evidentiary materials that there is no actual dispute as to any material fact in the case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On motion for summary judgment, "[t]he inquiry performed is the threshold inquiry of determining whether there is a need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they

2

may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (l986). In determining whether this burden has been met, the court should view the evidence introduced and all factual inferences from that evidence in the light most favorable to the party opposing the motion. *Id*. Furthermore, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

Under the provisions of Federal Rule of Civil Procedure 56(e), a party against whom a motion for summary judgment is made may not merely rest upon his pleadings, but must, by affidavit, or other materials as provided in Rule 56, inform the court of specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. The issue must be genuine, and not pretended, and the evidence relied on to create such an issue must be substantial. *Southern Distributing Co. v. Southdown, Inc.*, 574 F.2d 824, 826 (5th Cir. 1978).

### B. Motion to Alter Judgment

The plaintiff's motion to alter judgment is essentially a motion to reconsider given that the defendants' motion for summary judgment moved to dismiss all of the plaintiff's claims and the court ruled upon that motion. A motion to reconsider "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Rather, Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors or law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).

In her motion to alter, the plaintiff has not demonstrated a manifest error of law or fact, nor

has she presented newly discovered evidence that was not already available at the time the plaintiff responded to the defendants' motion for summary judgment. As discussed above, a party against whom a motion for summary judgment is made may not merely rest upon his pleadings, but must, by affidavit, or other materials as provided in Rule 56, inform the court of specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. The issue must be genuine, and not pretended, and the evidence relied on to create such an issue must be substantial. *Southern Distributing Co. v. Southdown, Inc.*, 574 F.2d 824, 826 (5th Cir. 1978).

During the original briefing of the defendants' motion for summary judgment, the plaintiff did not concentrate on any physical injuries other than Mr. Hill's cancer. Even so, in order to survive dismissal, negligence claims based on Mr. Hill's alleged non-cancerous ailments must have been supported with a Rule 702 expert report that contains a complete statement of the expert's general and specific causation opinion. In this particular case, the report would need to demonstrate that the subject chemicals *can* cause the particular ailment (general causation), which also requires dosage received and dosage necessary to cause an ailment. The report would also need to show that the subject chemical *did* in fact cause the particular ailment in Mr. Hill (specific causation). The causation reports in this case concentrated on cancer, not on the alleged respiratory and neurological problems the plaintiff now asserts.

In any event, the plaintiff's causation expert, Dr. Dahlgren, testified during deposition that his expert opinions were confined to cancer:

> Q: Are you prepared to offer – or are you preparing to offer testimony in this case that Mr. Hill suffered neurological or pulmonary symptoms prior to his final illness?
>
> A: No, because we don't have enough detail about the onset, whether or not it was the consequence of his cancer or predated it or was related to chemical exposures from his living in Carver Circle. I just don't have enough detail at this point to talk

about anything other than his cancer as arising from the exposures.

Q: So is it fair to say then that your opinions in this case are restricted to the cause of David Hill's cancer?

A: Yes. ... [A]t this point ... I would restrict my opinions because of the relative thinness of the data to just the cancer causation at this point in time. ....

Dahlgren Deposition, 1/10/06 at 1210-1211.

The plaintiff asks the court to allow her to "put on fact testimony about symptoms, complaints, observations, as well as conditions that are consistent with this type of chemical exposure, either from Mrs. Hill, other fact witnesses, or from Dr. Dahlgren." Since there is no expert report containing a complete statement of how the subject chemicals can and did cause the alleged, non-cancerous ailments, any claims based on those ailments are barred as a matter of law – even if there were medical proof of those ailments, though it is undisputed that there is no such medical proof.

Accordingly, the plaintiff's motion to alter the court's December 11, 2009 dismissal of her negligence, gross negligence, negligence per se, "intentional tort," strict liability, conspiracy, and failure to warn should be denied.

## C. Trespass and Nuisance Claims

Having considered the parties' arguments, the court concludes that the plaintiff's trespass and nuisance claims should be dismissed with prejudice.

First, it is undisputed that the plaintiff conceded these claims in her answers to interrogatories. In response to interrogatories 14 and 15, asking specifics regarding diminution of value of Mr. Hill's real property and physical damage to that property, respectively, the plaintiff wrote that those questions were "not applicable to this Plaintiff as he is deceased." The plaintiff

maintains that during her December 2004 deposition, Mrs. Hill evinced a desire to pursue the property claims and that therefore, the conflict between her deposition testimony and the answers to interrogatories 14 and 15 is for the fact finder to resolve. However, the deposition testimony cited by the plaintiff does not clearly evidence an understanding from Mrs. Hill that the question posed was whether she intended to pursue her trespass and nuisance claims. In response to the question: "In this case, are you seeking to obtain some money or seeking something because you feel that some property of your husband has been damaged?" Mrs. Hill simply responded "Yes, sir." There is no indication that she knew that her counsel had conceded the trespass and nuisance claims in response to the defendants' interrogatories in 2004. The remainder of Mrs. Hill's deposition testimony cited in the plaintiff's brief only refers generally to their home – the payments, minor improvements, taxes, etc. There is no mention of diminution of value or remediation. For these reasons alone, the plaintiff's trespass and nuisance claims should be dismissed.

Second, the plaintiff's nuisance claim is barred by Mississippi's Right to Farm statute, Miss. Code Ann. § 95-3-29(1) since the wood processing plant is included within that statute's definition of "agricultural operation." This statute provides an "absolute defense" in "any nuisance action" against "an agricultural action" that has "existed for one (1) year or more." It is undisputed that the subject plant has been in operation for approximately 100 years. It is also undisputed that the 2003 version of the statute, which is applicable to this action, does not contain the condition that "the operation is in compliance with all applicable state and federal permits" according to the Historical and Statutory Notes to § 95-3-29(1) regarding the 2009 amendment.

Third, since this court is bound by decisions by the Fifth Circuit Court of Appeals in interpretation of Mississippi law, the decisions in *City of Jackson v. Filtrol Corp.*, 624 F.2d 1384

(5th Cir. 1980) and *Donald v. Amoco Production Co.*, 735 So.2d 161 (Miss. 1999) (citing *Filtrol Corp.* with approval) require this court to view the plaintiff's trespass and nuisance claims as one and the same. In *Filtrol Corp.*, the Fifth Circuit ruled: "Our examination of Mississippi law indicates on the facts of this case nuisance, trespass, and strict liability are not separate theories of liability. Mississippi law allows a plaintiff damaged by a physical invasion to its land to recover upon a simple showing that the defendant was responsible for the physical invasion." 624 F.2d at 1389. The Mississippi Supreme Court in *Donald* adopted this language, choosing to omit the words "on the facts of this case." 735 So.2d at 169. Whether or not these two courts have improperly equated trespass and nuisance, as the defendants argue, this court is nevertheless bound by Fifth Circuit precedent. Since this court must equate the two, it stands to reason that the plaintiff's trespass claim is barred by the Right to Farm statute given that the nuisance claim is likewise barred.

Fourth, even if the plaintiff's trespass claim were not equated with nuisance and therefore barred by the Right to Farm statute, the plaintiff cannot meet the legal requirement for showing damages caused by trespass. This is because the plaintiff withdrew her diminution of value claim and the expert in support of that claim.

"As a general rule the measure of damages in actions for permanent injury to land where there is no willful trespass is the difference in value in the before-and-after damage to the premises." *Harrison v. McMillan*, 828 So.2d 756, 768 (Miss. 2002) (citing, e.g., *Waggener v. Leggett*, 150 So.2d 529 (Miss. 1963)). "However, where the land can be restored to its former condition at a cost less than the diminution in value, if it is not restored, and also where the injuries are temporary and reparable in this sense, the cost of restoration may be used as a measure of damages. The latter rule is confined to cases where the cost of restoration is less than the difference in the value of land

7

before and after the trespass." *Waggener*, 150 So.2d at 509.

The plaintiff is correct that the Mississippi Supreme Court in *Harrison* also recognized that the "before and after rule" "is not a hard and fast or inflexible rule applicable under all circumstances, and it will not apply where there is a **more definite, equitable, and accurate way** by which the damages may be determined." 828 So.2d at 770 (emphasis added). However, the Court in *Harrison* went on to say:

> Where the thing which is destroyed or injured, although a part of, or attached to, the realty, **has a distinct value without reference to the realty on which it stands** or from which it grows, the recovery is for the value or depreciation of value of the thing destroyed or injured, and not for the difference in the value of the land before and after the destruction; the recovery may be the value of the thing destroyed or the cost of its repair.

*Id.* (emphasis added).

The plaintiff seeks remediation of David Hill's last residence, and has withdrawn her diminution of value claim. It is undisputed that the plaintiff's experts O'Connor and Horsack found the soil around the residence to contain acceptable levels of chemicals. Therefore, the plaintiff does not appear to seek remediation of the soil, but rather only the house itself. The residence at 183 Carver Circle, however, does not have "a distinct value without reference to the realty on which it stands" pursuant to *Harrison*. Thus, the plaintiff has not established an adequate reason to depart from the before-and-after rule. Since the plaintiff has withdrawn her diminution in value claim, she cannot meet the requirements for the before-and-after rule. For this reason, the plaintiff's trespass claim must fail as a matter of law.

### D. Plaintiff's Motion to Stay or Continue

In her December 29, 2009 motion, the plaintiff moves to stay the Hill case or to continue it pending her petition filed with the U.S. Supreme Court for certiorari to appeal the Fifth Circuit decision to grant the defendants' second petition for mandamus requiring this court to hold the trials of the remaining plaintiffs in this action in Oxford instead of Greenville after denying the first, identical petition for mandamus seeking the same relief.

Having considered the matter, the court concludes that the motion to continue should be denied as moot given that the plaintiff's remaining claims in the *Hill* matter will be dismissed. The motion to stay should be denied because the mandamus matter is applicable to all of the plaintiffs in the larger action given that this court's original order moving all trials after the *Barnes* trial to Greenville, the defendants' subsequent petition for mandamus, and the Fifth Circuit's mandate were all filed in, and considered applicable to, the action as a whole.

### III. CONCLUSION

For the reasons discussed above, the court concludes that the plaintiff's December 18, 2009 motion [1341] to alter, amend, and/or clarify the court's December 11, 2009 order should be denied; the plaintiff's December 29, 2009 motion [1353] to stay and/or continue trial should be denied; and the defendants' September 14, 2009 motion for summary judgment [1275] as it relates to the remaining trespass and nuisance claims should be granted. Therefore, the remaining claims of Alice Hill will be dismissed with prejudice. A Partial Final Judgment shall issue forthwith,

**THIS DAY** of January 20, 2010.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE